TYSON, Judge.
On June 7, 1990, Hardy Matthews III was arrested and charged by a Birmingham police officer with drinking alcohol in public, possession of drug paraphernalia, and unlawful possession of a controlled substance. On the above date, Matthews was observed sitting in his automobile by the Birmingham officer while the officer was on routine patrol. As the officer approached the automobile, he noticed that the appellant was drinking a beer and that an open, half-full bottle of beer was inside the car. The appellant was asked to step to the back of the vehicle, where he was placed under arrest.
An inventory of the automobile by the officer revealed a green bag containing 11 bags of cocaine and one set of scales. A search of the appellant subsequent to his arrest revealed a twelfth bag of cocaine in the appellant’s right pants pocket. The City charged the appellant with drinking alcohol in public and with possession of drug paraphernalia. Both of these charges are misdemeanors under the code of the City of Birmingham. The appellant was also charged with the unlawful possession of a controlled substance (cocaine), which is a felony. This charge is currently pending in the Circuit Court of Jefferson County, Alabama.
The City’s complaint with reference to the drinking of alcohol in a public place that is not licensed charged a violation of § 12-10-9(c) of the general code of the City of Birmingham, as amended 1980. The charge of possessing drug paraphernalia with the intent to test, repack, store, or conceal a controlled substance charged a violation of § 11-1-1 of the general code of the City of Birmingham, as amended 1980. *16 This ordinance adopts the provisions of § 13A-12-260(c), Code of Alabama 1975. The complaint in each instance is dated September 14, 1990. To each of the complaints, appellant entered a not guilty plea both in municipal court and again when the cause was appealed to circuit court.
The appellant’s counsel, both in municipal court and again in circuit court, moved to dismiss each of the two complaints against the appellant, Hardy Matthews III, alleging that the municipal court of the City of Birmingham did not have jurisdiction to hear the cases, citing § 12-11-30(2), Code of Alabama 1975. This motion was denied both in municipal court and again in circuit court. Hence, this appeal.
I
The appellant contends that the circuit court had exclusive jurisdiction over the misdemeanor charges which were originally heard in municipal court and, thus, the municipal court did not have jurisdiction to entertain these charges. The City of Birmingham [1] argues that the municipal court had concurrent jurisdiction with the circuit court over these misdemeanor offenses.
The stipulation under which this cause was heard in circuit court is set forth below:
“PROCEEDINGS
“THE COURT: Let’s have a formal arraignment. We’ve already served a copy on the defendant and his attorney. We will read the Complaints to them, and let them enter a formal plea.
“MR. EDENS: Read the Complaints? Okay. “ ‘City of Birmingham, a Municipal Corporation, Plaintiff v. Hardy Matthews, III, Defendant.
“ ‘Case No. CC90-2759.
“ ‘Comes now the City of Birmingham, a municipal corporation, and complains that the Defendant, Hardy Matthews, III, within twelve months before the beginning of this prosecution, on or about June 7, 1990, and within the City of Birmingham or the police jurisdiction thereof, at to-wit: the 3400 block of Eighth Avenue South, did or have in open and unconcealed possession or custody for drinking, any malt or brewed beverage at or in any public place other than a licensed beer place, contrary to and in violation of Section 12-10-9-(c) of the General Code of the City of Birmingham, Alabama, 1980, as amended.’
“ ‘Complaint filed the 14th of September, 1990, by John Edens, Assistant City Attorney.
“ ‘City of Birmingham, a Municipal Corporation, Plaintiff, vs. Hardy Matthews, III, Defendant.
“ ‘Case No. CC90-2760
“ ‘Comes now the City of Birmingham, a municipal corporation, and complains that the Defendant, Hardy Matthews, III, within twelve months before the beginning of this prosecution, or about June 7, 1990, and within the City of Birmingham or the police jurisdiction thereof, at to-wit: 3400 block of Eighth Avenue South, unlawfully used or possessed with intent to use to prepare, test, analyze, pack, repack, store, contain or conceal a controlled substance, one (1) set of scales and a green bag containing eleven (11) bags of cocaine in violation of Section 11-1-1 of the General Code of the City of Birmingham, Alabama, 1980, or as amended as it adopts the words, language and meaning of Section 13A-12-260(c), Code of Alabama, 1975, as amended.’
“Complaint filed 14 September, 1990, John M. Edens, Assistant City Attorney.”
“THE COURT: To each of the Complaints, how does the Defendant plead?
“MR. PARSON: Not guilty, sir.
“THE COURT: All right, gentlemen, we will now have the stipulations by the parties.
“MR. EDENS: All right.
*17 “The City of Birmingham, Alabama would expect the evidence to show that on June 7, 1990, at approximately 4:30 a.m., Birmingham police officer Crane, C-r-a-n-e, observed the Defendant sitting in his vehicle at 3400 Eighth Avenue South, Jefferson County, Birmingham, Alabama.
“When the officer turned his vehicle around to see what the Defendant was doing, the Defendant started getting out of his vehicle, and as the officer approached the vehicle, the officer observed a glass of beer and an open, half-full bottle of beer in the Defendant’s vehicle.
“The officer then asked the Defendant to step to the rear of the Defendant’s vehicle, and then placed the Defendant under arrest for drinking in public, a violation of Birmingham Municipal Ordinance 12-10-9(c) of the General Code of the City of Birmingham, Alabama, 1980, as amended.
“On inventory of the Defendant’s vehicle by Officer Crane at the scene, there was found a green bag containing 11 bags of a white substance, the substance was in each of the bags, and a set of scales.
“Search of the Defendant subsequent to this revealed another bag of a white substance in the Defendant’s right pants pocket.
“The testimony would also show that a toxicology report was made and that the substance contained in these 11 bags in the green bag, and the one bag on the Defendant’s person, was cocaine.
“The Defendant was charged with the offense of possession of drug paraphernalia, in violation of Section 11-1-1 of the General City Code of Birmingham, Alabama, 1980, as amended, as it adopts the words, language and meaning of Section 13A-12-260(c) Code of Alabama, 1975, as amended.
“He was also charged with possession of a controlled substance, cocaine, in violation of Title 13A. I don’t know the code section for the controlled substances laws.
“THE COURT: It’s 13A-12, and whatever Section you’re—
“MR. EDENS: Possession? Okay. 13A-12-212, unlawful possession or receipt of controlled substances, cocaine.
“The Defendant was taken to jail, made bond, appeared in Birmingham Municipal Court on June 19, 1990; Misdemeanor Division, Judge Tennant Small-wood.
“The case was continued a couple of times. On July 10, 1990, on the charges in the municipal court of the City of Birmingham: Drinking in public, and possession of drug paraphernalia, the Defendant was represented by attorney Connie Parson, who is present and represents the Defendant here today. The cases were resolved in city court, in that the Defendant entered a not guilty plea on stipulation of the City’s evidence.
“On the drinking in public charge he was sentenced to $50 and costs of $15, and $29 in fees.
“On the possession of drug paraphernalia a not guilty stipulation was entered. He was convicted of that offense: Two-hundred dollars, and $15 costs, and $29 in fees, and sentenced to 60 days in jail.
“Prior to entering the stipulations and appeal of the ease, Mr. Parson filed a Motion to Dismiss the charges in the municipal court of the City of Birmingham, listing the municipal court cases as 402 0491, which was for drinking in public; and 402 0492, which was the case number for the possession of drug paraphernalia.
“We’ll enter a copy of the motion that was filed as an exhibit. The motion was denied on June 26, 1990, by Judge Ten-nant Smallwood, per the assignment of the jurisdiction by Judge Jasper, Presiding Judge of the Circuit Court, Criminal Division.
“MR. PARSON: Sir, on behalf of the Defendant, Hardy Matthews, we re-enter our Motion to Dismiss the two Complaints filed against Mr. Matthews by the City of Birmingham, premised upon Sec *18 tion 12-22-30(2) of the Code of Alabama, as amended, 1975.
“And quoting from that Section, paraphrasing it: ‘The Circuit Court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which arise from the same incident as a felony, a felony charge.'
“We reiterate that Mr. Matthews was charged by the City of Birmingham and found guilty of possession of drug paraphernalia, and also drinking in public.
“He was subsequently charged with a felony, that of a controlled substance, thereby creating and giving to this court the original jurisdiction of both the misdemeanor and the felony case.
“We therefore respectfully ask that this Court dismiss both Complaints against Mr. Matthews again, premised upon Section 12-11-30(2) of the Code of Alabama, as amended in 1975.
“THE COURT: Mr. Edens, you wish to be heard?
“MR. EDENS: Judge, the City’s position is, as you know, is split.
“There are four judges in the municipal court. Two of the judges are following your order of transfer of jurisdiction per your letter — I don’t recall the date of your letter, but it’s available. Two of the judges are not.'
“I think the City’s position — I don’t know what the City’s position on it is. I know that it’s an even split among the municipal judges of the City, and other than that, I really don’t have anything else to say on it.
“THE COURT: Mr. Parson?
“MR. PARSON: Sir, just simply in rebuttal, we would say that this Court, and with respect to this Court, that this Circuit Court does not have the authority to specify whether or not the municipal court has concurrent or exclusive jurisdiction over misdemeanors that arise out of a felony offense; or inclusive of a felony offense.
“MR. EDENS: I don’t want to lock James Baker, the City Attorney for the City of Birmingham, into this, but I do
believe the issue resolved to where we know which court these cases are to be brought. We’re not particularly concerned with which court they go to, just that the question be resolved.
“That’s about it.
“MR. PARSON: Nothing further, sir. “THE COURT: All right. The Court, in issuing the letter — the Court does not have a copy of the letter here — applied to Section 12-11-30 of the Code of Alabama, 1975, and Section 12-14-l(b), et seq., of the Code of Alabama, 1975, wherein this court took judicial knowledge that the municipal court of the City of Birmingham had original jurisdiction concurrent with the district court and the circuit court for violation of municipal ordinances, and issued such an order to the municipal court.
“The Court still feels that wherein it’s a violation of a City ordinance, that the municipal court still has jurisdiction.
“The Court denies the motion of the Defendant. The Court finds the Defendant guilty in each of the two cases, and will assess in Case No. CC90-2760, which is the possession of drug paraphernalia case, the Court will assess a fine of $200 and the cost of court.
“In Case No. CC90-2759, the Court having found the Defendant guilty as charged, the Court will assess a fine at $50 and the cost of court.”
[[Image here]]
“THE COURT: Does the Defendant wish to give notice of appeal?
“MR. PARSON: Yes, sir. At this time we except to the Court’s ruling on our Motion to Dismiss, and we’d like to give notice of appeal on both cases.” (R. 3-14.)
Part of the controversy out of which this cause arose centers around a letter written by the Honorable Joseph J. Jasper, as the presiding judge of the criminal division of the Jefferson County Circuit Court, Birmingham Division, to the Honorable Ten-nant M. Smallwood, Jr. This letter reads as follows:
*19 “JOSEPH J. JASPER
“Circuit Judge Tn/lrífl
“Tenth Judicial Circuit of Alabama
“606 Jefferson County
“Criminal Justice Center
“Birmingham, Alabama 36263-0112
“March 29, 1989
“Honorable Tennant M. Smallwood, Jr.
“Presiding Judge
“Municipal Court
“100-115 City Hall
“Birmingham, AL 35203
“Dear Judge Smallwood:
“I am in receipt of a copy of your letter dated March 23, 1989, to the Honorable David Barber, District Attorney. As specified in your letter, that the senior Circuit Judge, Criminal Division of the Tenth Judicial Circuit of Alabama has assigned misdemeanor and ordinance cases arising with felonies in this jurisdiction to the Municipal Court of the City of Birmingham, or Municipal Court of the city which has jurisdiction of such matter.
“I realize that a certain Judge, or Judges, did not recall that assignment, which was reaffirmed by the undersigned to you some years ago. In citing the authority for clarification of the different jurisdictions, I would set out Section 12-11-30(2), Code of Alabama, 1975; Section 12-12-32, Code of Alabama, 1975, Section 12-14-1, Code of Alabama, 1975, along with Wright v. State, 494 So.2d 177 (Ala.Cr.App.1986).
“On Monday March 27, 1989, I met with the Circuit Judges, Criminal Division, and our Presiding Judge, John Bryan, at which time I reminded the Circuit Judges of said jurisdiction.
“I do not believe we will have a problem in the future. If it is necessary to reaffirm said assignment, consider the same as being accomplished by this letter.
“If there is any additional information needed or desired, please contact me.
“Very truly yours,
/s/ Joseph J. Jasper
“Presiding Circuit Judge,
“Criminal Division
“JJJ/cs
“i CC: Honorable John N. Bryan, Jr.
“Presiding Judge
“Tenth Judicial Circuit
“Honorable James S. Garrett
“Circuit Judge
“Criminal Division
“Honorable James H. Hard
“Circuit Judge
“Criminal Division
“Honorable Mike McCormick
“Circuit Judge
“Criminal Division
“Honorable David Barber
“District Attorney
Honorable Aloysius Golden
Municipal Judge
Honorable William H. Cole
Retired Judge
Criminal Division
Honorable Emory Anthony, Jr. Municipal Judge
Honorable Carole Smitherman
Municipal Judge
Chief Arthur Deutcsh
Chief of Police”
*20 Section 12-11-30, Code of Alabama reads as follows:
“The circuit court shall have the following jurisdiction:
[[Image here]]
“(2) CRIMINAL. The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death. The circuit court may, on conviction of a defendant, upon a showing of inability to make immediate payment of fine and costs, continue the case from time to time to permit the fine and costs to be paid.” (Emphasis added.)
Clearly, under the above statute, the circuit court has exclusive jurisdiction over misdemeanor or ordinance violations which arise from the same incident as a felony charge.
Section 12-12-32, Code of Alabama 1975, which establishes jurisdiction for district courts, provides in pertinent part:
“(a) Misdemeanors. The district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law ior ordinance as misdemeanors, except:
“(1) Prosecutions by municipalities having municipal courts;
“(2) Any such prosecution which also involves a felony offense which is within the exclusive jurisdiction of the circuit court, except as the district court is empowered to hold preliminary hearings with respect to felonies and to receive guilty pleas as provided in subsection (b) of this section; and
“(3) Any misdemeanor for which an indictment has been returned by a grand jury.” (Emphasis added.)
Under § 12-12-32, the district courts have exclusive jurisdiction over all misdemeanors except 1) those prosecuted in municipal court as municipal ordinance violations; 2) those for which an indictment has been returned by a grand jury (but see Wright v. State, 494 So.2d 177 (Ala.Crim.App.1986) (concerning traffic offenses)); and 3) those which involve a felony offense which is within the exclusive jurisdiction of the circuit court. Misdemeanors which arise from the same incident as a felony are within the exclusive jurisdiction of the circuit court, and the district court does not have concurrent jurisdiction with the circuit court over these cases. Thus, our review of the two statutes set out above convinces us that they are in accord.
The problem which we confront is whether the circuit court has exclusive jurisdiction over municipal ordinance violations which arise from the same incident as a felony charge. Clearly, under the language of § 12-11-30, circuit courts would have exclusive jurisdiction of these cases. However, Section 12-14-1, Code of Alabama 1975 states in relevant part:
“(b) The municipal court shall have jurisdiction of all prosecutions for the breach of the ordinances of the municipality within the police jurisdiction.
“(c) The municipal court shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances. (Acts 1975, No. 1205, p. 2384, § 8-101.)”
Unlike § 12-12-32, which provides for an exception to the district court’s jurisdiction for misdemeanors which involve a felony offense that is within the exclusive jurisdiction of the circuit court, the language of § 12-14-1 does not contain such an exception to the municipal court’s jurisdiction. However, when we consider § 12-11-30(2), § 12-12-32(a), and § 12-14-1 (which confer jurisdiction upon the circuit courts, the district courts, and the municipal courts, respectively) together, we are convinced that the legislature intended that the circuit court have exclusive jurisdiction over misdemeanors and municipal ordinance violations which arise from the same incident as a felony charge. “It has been held that every doubt is resolved in favor of reten *21 tion rather than divestiture of jurisdiction. Furthermore, there is a presumption against divestiture of jurisdiction from a court to a lower court.” Thomas v. Liberty National Life Insurance Co., 368 So.2d 254, 257 (Ala.1979). We do not believe that there is a clear and unequivocal showing of an intent by the legislature to divest the circuit court of jurisdiction over misdemeanors and municipal ordinance violations which arise from the same incident as a felony charge. If that were the case, the language contained in § 12-11-30(2), which refers to the circuit court’s exclusive jurisdiction over “ordinance violations ... which arise from the same incident as a felony charge,” would not have been included in the statute. “[I]t cannot be presumed the Legislature has used language without any meaning or application.” Robinson v. State, 361 So.2d 1113, 1114 (Ala.1978). Furthermore, we do not believe that the legislature intended to give the municipal courts more jurisdiction than that it conferred on district courts. When examining conflicting statutes concerning the same subject matter, we “presume that the legislature intended a rational result, ... one that advances the legislative purpose in adopting the legislation, ... that is ‘workable and fair,’ ... and that is consistent with related statutory provisions.” John Deere Co. v. Gamble, 523 So.2d 95, 100 (Ala.1988) (citations omitted). “ ‘Statutes are to be construed as a whole and the parts thereof harmonized if possible.’ ” Wright, 494 So.2d at 179 (quoting Eagerton v. Terra Resources, Inc., 426 So.2d 807, 808 (Ala.1982)).
After carefully considering the record in this cause, the arguments in brief by all parties hereto, and the relevant law, this court holds that the appellant is correct in that the municipal court did not have jurisdiction to hear the two cases involving municipal ordinance violations and this matter was particularly called to the attention of the municipal court and circuit court by appropriate motion.
We are clear to the conclusion that the provisions of § 12-11-30(2), § 12-12-32(a), and § 12-14-1, when read together, require that the municipal ordinance violations in this cause be prosecuted directly in circuit court as both of these offenses, i.e., drinking in public and possession of drug paraphernalia, under the facts of this case, are municipal ordinance violations which arise from the same incident, on the same date, and in the same place as the felony, i.e., the possession of cocaine.
Rule 2.2, Alabama Rules of Criminal Procedure, effective January 1, 1991, provides in part:
“(a) Felonies. All felony offenses and misdemeanor or ordinance violations which are lesser included offenses within a felony offense or which arise from the same incident as a felony offense shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor offenses, and may hold preliminary hearings with respect to felony offenses.
“(b) Misdemeanors and Ordinance Violations. All misdemeanor offenses (including an indictment charging a traffic infraction) shall be prosecuted originally in district court or, where adopted as municipal ordinance violation, municipal court, except:
“(1) Misdemeanors for which an indictment has been returned by a grand jury.
“(2) Misdemeanors which are lesser included offenses within a felony offense as to which concurrent jurisdiction as described in Rule 2.2(a) has not been exercised.”
The Committee Comments to this Rule state:
“Section (a) is derived from Ala.Code 1975, § 12-11-30, vesting exclusive original jurisdiction of prosecution for felony offenses and lesser included or incidental misdemeanor offenses and ordinance violations in the circuit court. The applicable statute upon which Rule 2.2(b) is based is Ala.Code 1975, § 12-12-32,_” (Emphasis added.)
Rule 2.2 must be read within the confines of the applicable statutes set out above. *22 Any interpretation of Rule 2.2 which is contrary to our interpretation of the applicable statutes cannot be justified, because the Alabama Supreme Court has no authority to change the jurisdiction of a court under its rule-making power. Section 12-2-7, Code of Alabama 1975, provides:
“The supreme court shall have authority:
[[Image here]]
“(4) To make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein.”
See also Ala. Const, of 1901, Amend. 328, § 6.11.
It is axiomatic that a circuit court judge, on authority of a letter from the presiding judge of his circuit, may not transfer his jurisdiction of municipal ordinance violations to the municipal court or endow the municipal court with any jurisdiction not specifically provided by statute by exercising the circuit court’s general superintendency power over municipal courts. See Ex parte Smith, 438 So.2d 766 (Ala.1983). To the contrary, the matter should have been properly transferred from the municipal court directly to the circuit court for trial. See § 12-11-9, Code of Alabama 1975; Rule 2.2(c), A.R.Crim.P. For the reasons shown, this cause is due to be reversed and remanded to the circuit court for a new trial or for further proceeding not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. In addition to the brief filed on behalf of the City of Birmingham, the Alabama District Attorneys Association and the Alabama League of Municipalities have each filed an Amicus Curiae brief in this cause. We have carefully considered all of the briefs filed in this case.