ON APPLICATION FOR REHEARING
This Court's opinion released April 23, 1993, is hereby withdrawn, and the following opinion is substituted therefor.*
The City of Tuscaloosa seeks a writ of mandamus requiring the Circuit Court of Tuscaloosa County to set aside its order dismissing misdemeanor traffic charges against Willie Samuel Russell, Jr. *Page 693 
 THE REMEDY
Mandamus is not a substitute for appeal. "[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of anotheradequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Jackson, 614 So.2d 405 (Ala. 1993) (emphasis added). In this case, mandamus is the proper and, in fact, the only remedy available.
In felony cases, the prosecution's avenue for review of the dismissal of charges by the circuit court is appeal pursuant to Rule 15.7(a), A.R.Crim.P. However, that avenue is not available in misdemeanor cases. "There is no provision for a pretrial appeal by the State in a misdemeanor case." City of Attalla v.Smith, 596 So.2d 651 (Ala.Cr.App. 1992). Mandamus is the only remedy available to challenge the circuit court's dismissal of misdemeanor charges pending against a criminal defendant.
 THE FACTS
Willie Samuel Russell, Jr., was contemporaneously arrested for leaving the scene of an accident (a felony or misdemeanor depending on whether personal injury is involved) and for driving under the influence of alcohol (DUI) and driving with a revoked driver's license (DRL) (both misdemeanor municipal ordinance violations).
Because there was a personal injury involved, Russell was charged with the felony offense of leaving the scene of an accident. See Ala. Code 1975, § 32-10-2, § 32-10-6. However, the grand jury indicted Russell only for the misdemeanor offense of leaving the scene of an accident. The misdemeanor charge was adjudicated in the district court in Russell's favor.
Russell was convicted in the municipal court of the municipal ordinance violations of DUI and DRL. He appealed both convictions to the circuit court for trial de novo. The circuit court dismissed those charges on the ground that underMatthews v. City of Birmingham, 581 So.2d 15 (Ala.Cr.App. 1991), the municipal court never had jurisdiction over those offenses because the charges of DUI and DRL arose out of the same incident as the felony charge of leaving the scene of an accident:
 "Accordingly, the Court finds and declares that, there having been a felony 'charge' lodged by complaint, of 'leaving the scene of an accident' (which necessarily characterized the conduct at that point in time as a felony 'offense' of that nature, although that determination was subsequently rejected by the Grand Jury), the contemporaneously lodged charges of 'driving with suspended driver's license' and 'driving under the influence,' being deemed to have arisen 'from the same incident' per Matthews, were within the exclusive jurisdiction of this Court. Consequently, the Municipal Court of Tuscaloosa County was never entitled to exercise subject matter jurisdiction of the same, which jurisdictional defect deprives this [circuit] court, in turn, of any such jurisdiction. Therefore, Case No. CC-92-302 [DRL] and CC-92-303 [DUI] are hereby dismissed for want of subject matter jurisdiction."
We hold that this ruling of the circuit court is in error for two reasons.
 THE FELONY-MISDEMEANOR ISSUE
The circuit court incorrectly concluded that the "lodging" of the felony warrant irrevocably and indisputably established the nature of Russell's conduct for the purpose of determining jurisdiction. Although a felony warrant was obtained for leaving the scene of an accident, the grand jury returned an indictment only for the misdemeanor offense of leaving the scene of an accident. Under these circumstances, the characterization of the offense in the warrant of arrest as a felony should not govern the determination of whether the offense is treated as a felony or as a misdemeanor for purposes of determining jurisdiction.
 THE JURISDICTIONAL ISSUE
This petition provides this Court with the opportunity to address the confusion created by Matthews v. City ofBirmingham, *Page 694 581 So.2d 15 (Ala.Cr.App. 1991).[1] We now overrule Matthews to the extent that it holds that all offenses that are either discovered on one occasion or for which the defendant is arrested or charged on one occasion automatically "arise from the same incident" and therefore must be prosecuted in the circuit court under Ala. Code 1975, § 12-11-30(2). We now hold that the "same incident" language of § 12-11-30(2) should be construed and interpreted to mean the "same act."
At least one commentator has previously urged this interpretation:
 "The statute also says that all misdemeanor and ordinance violations which 'arise from the same incident as the felony charge' are within the exclusive original jurisdiction of the circuit court. The words 'which arise from the same incident as the felony charge' are not defined in the Code or in the Rules. What do they mean? The commentary to Rule 2.2 refers to the offenses as 'incidental misdemeanor offenses and ordinance violations.' Of course, the Rule and the Commentary are merely declaratory of the statutory law which defines the circuit court's jurisdiction. The question is, what did the Legislature intend when it used these words? The better words probably would have been 'same transaction' or 'same act' instead of 'same incident,' but the Legislature probably intended that the words 'same incident' be construed to mean the same act, because it defined 'act' in the Criminal Code [§ 13A-2-1(1)] as '[a] bodily movement, and such term includes possession of property.' If so construed, the words would carry out the purpose of having only one trial, in which all offenses arising out of a culpable act would be tried in the circuit court."
H. Maddox, Alabama Rules of Criminal Procedure § 2.2(a), at 68 (1990) (footnote omitted).
 "In Grady v. Corbin [495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)], a sharply divided U.S. Supreme Court held that the Double Jeopardy Clause barred a subsequent felony prosecution for manslaughter because the defendant had previously pled guilty and been convicted of driving while intoxicated and failing to keep to the right of the median. The Court found that the manslaughter conviction was barred because the State there had admitted, on a bill of particulars, that it would be necessary to prove the same facts that supported the misdemeanor convictions to prove an essential element of the manslaughter charge.
". . . .
 "The Grady v. Corbin principle had a tremendous impact upon law enforcement and prosecutors, however. Law enforcement officers and courts became especially sensitive when a misdemeanor offense and a felony offense arose about the same time or out of the same transaction or occurrence. For example, a defendant might be stopped for a traffic offense (a misdemeanor) and then was found to be in possession of illegal drugs (a felony). The question would immediately arise: Which court has jurisdiction — the municipal or district, or the circuit? The Grady v. Corbin principle raises the question whether the defendant could be prosecuted for the felony drug offense if he or she were allowed to plead guilty to the traffic offense. There is a more serious jurisdictional problem presented by these facts in Alabama, because of the wording of the Alabama statutes that grants jurisdiction to circuit, district and municipal courts and divides that jurisdiction when a felony and misdemeanor offense arise out of the same incident. . . . Ala. Code 1975, § 12-11-30 states that circuit courts have 'exclusive jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise out of the same incident as a *Page 695 felony charge . . .' (emphasis added [by Maddox]).
 "In Matthews v. City of Birmingham, 581 So.2d 15
(Ala.Cr.App. 1991), the defendant was arrested and charged by a Birmingham police officer with drinking alcohol in public, possession of drug paraphernalia, and unlawful possession of a controlled substance. The defendant moved to dismiss the municipal charges on the ground that the City of Birmingham did not have jurisdiction of those charges.
 "In Matthews, the Court of Criminal Appeals concluded that 'the provisions of § 12-11-30(2), § 12-12-32(a), and § 12-14-1, when read together, require that the municipal ordinance violations in this cause be prosecuted directly in circuit court as both of these offenses, i.e., drinking in public and possession of drug paraphernalia, under the facts of this case, are municipal ordinance violations which arise from the same incident, on the same date, and in the same place as the felony, i.e., the possession of cocaine.'
 "The Matthews case, if it holds that 'drinking in public' and 'possession of a controlled substance,' arose out of the 'same incident,' as contemplated by the statutes, seems to be incorrectly decided. The State did not request the Alabama Supreme Court to review its holding; consequently, the decision was not reviewed. Matthews seems wrong because it appears to misconstrue legislative intent in adopting the statutes that grant jurisdiction to circuit and district courts. As pointed out in the main volume, the Legislature, in using the words 'same incident,' 'probably intended that the words "same incident" be construed to mean the same act. . . .' This construction would seem to carry out the intent of the Legislature. At the time the Legislature adopted Act No. 1205, § 2104, Acts of Alabama, 1975, which became § 12-1-30, the Legislature no doubt was attempting to prevent the possibility that a defendant could raise a double jeopardy question if he or she were convicted of a misdemeanor offense arising out of the same set of facts.
 "It appears to be clear that the Legislature intended to grant exclusive jurisdiction to the circuit courts of 'all felony prosecutions and of misdemeanors and ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . .' Wright v. State, 494 So.2d 177
(Ala.Cr.App. 1986), however, sets out an exception. Wright correctly holds that district courts have exclusive jurisdiction of traffic offenses, even if there are felony offenses committed at the same time and at the same place. Wright seems to capture what the Legislature intended. Matthews does not, but in neither case was certiorari review requested. The holding in Wright does not seem to conflict with the holding of the U.S. Supreme Court in Grady v. Corbin."
H. Maddox, Alabama Rules of Criminal Procedure § 2.2(b), at 20-24 (Supp. 1990) (footnotes omitted).
The circuit court should not have dismissed the DRL and DUI charges for lack of jurisdiction.
The petition for writ of mandamus is granted. The circuit court is directed to set aside its order of dismissal of March 9, 1993, to reinstate the DRL and DUI cases in the circuit court, and to continue with further proceedings not inconsistent with this opinion.
OPINION RELEASED APRIL 23, 1993, WITHDRAWN;
OPINION SUBSTITUTED;
PETITION GRANTED;
MOTION DENIED;
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.
* Reporter of Decisions' note: The court's original opinion was dated April 16, 1993; that opinion was withdrawn by an opinion dated April 23, 1993.
[1] In his clear and well-reasoned order dismissing the charges, the circuit judge respectfully criticized our holding inMatthews v. City of Birmingham, 581 So.2d 15 (Ala.Cr.App. 1991), but acknowledged that he was bound by that decision: "As tempting as it might be to think that this Court could 'overrule' the Court of Criminal Appeals with respect to an erroneous holding, this Court has to recognize that it is bound by the decisions of that Court, in [the] absence of supervening contrary ruling by the Alabama Supreme Court." *Page 696