The State of Alabama filed this petition for a writ of mandamus directing the Honorable William Gordon, circuit judge for the Fifteenth Judicial Circuit, to allow into evidence at Reed's trial the state's deoxyribonucleic acid (DNA) evidence. The petitioner was charged in June 1993 with robbery in the first degree, burglary in the first degree, and rape in the first degree. After numerous postponements by the state to obtain the DNA evidence, defense counsel was provided with the DNA material in November 1995. A hearing on defense counsel's objections to the DNA evidence was held on November 17, 1995. At this hearing the trial court ruled that the DNA evidence was due to be suppressed. This petition for a writ of mandamus was not filed with this court until February 28, 1996, three months after the trial court's ruling suppressing the DNA evidence.
Before we can evaluate the merits of the petition, we must first determine if a petition for a writ of mandamus is the appropriate vehicle to review the ruling in this case. "Mandamus is a drastic and extraordinary writ. . . ." Ex parteClark, 643 So.2d 977, 978 (Ala. 1994). See also Ex parteSpears, 621 So.2d 1255 (Ala. 1993).
The courts in this state have long held that "mandamus will be denied, [when] there is another specific and sufficient remedy provided by law." Arrington v. Van Houton,44 Ala. 284, 286 (1870). See also State ex rel. Weaver v. Brewer,61 Ala. 318 (1878); Speed v. Cocke, 57 Ala. 209 (1876). Furthermore, mandamus is not a substitute for appeal. Ex parteCity of Tuscaloosa, 636 So.2d 692 (Ala.Cr.App. 1993); Exparte Drill Parts Service Co., 590 So.2d 252 (Ala. 1991); Exparte Nice, 407 So.2d 874 (Ala. 1981).
The state could have appealed the trial court's pre-trial ruling suppressing the DNA evidence. Rule 15.7(a), Ala.R.Crim.P., specifically allows such an appeal. Rule 15.7(a) states in pertinent part: "An appeal may be taken by the state in a felony case to the Court of Criminal Appeals from a pre-trial order of the circuit court . . . suppressing a confession or admission or other evidence. . . ." The state had an adequate remedy by law but did not exercise it. As stated above, the extraordinary petition for a writ of mandamus is not a substitute for appeal. Ex parte City ofTuscaloosa, supra.
Based on the fact that the state had an adequate remedy at law, this petition for a writ of mandamus is due to be denied.
PETITION DENIED.
All the Judges concur.
 *Page 1