JOINER, Judge.
Edward Earl Woods appeals his conviction for driving under the influence of alcohol (“DUI”), see § 32-5A-191(a)(2), Ala. Code 1975, and his resulting sentence of 12 months in jail; the sentence was split and Woods was ordered to serve 8 days in jail, followed by 2 years’ probation. We reverse and remand.
Facts and Procedural History
On April 6, 2013, at 2:30 a.m., Dan De Jong, a deputy sheriff with the Madison County Sheriffs Department, saw a motorcycle “traveling at a very high rate of speed.” (R. 143.) According to Deputy De Jong, his “radar unit” indicated that the motorcycle was traveling at a “speed of 98 miles [per] hour.” (R. 143.) At that point, Deputy De Jong pursued the motorcycle to conduct a traffic stop.
According to Deputy De Jong, it took him approximately a mile and a half to catch up to the motorcycle and, when he activated his emergency lights, the motorcycle turned into a Waffle House restaurant parking lot. Deputy De Jong then approached the motorcycle and initiated contact with the driver, who, Deputy De Jong said, had “an odor of alcohol coming off him.” (R. 147.) Additionally, Deputy De Jong explained that the driver had a difficult time removing his motorcycle helmet. According to Deputy De Jong, the driver “kept fumbling with the straps [of his helmet] and had a hard time taking the straps off, and it took almost two minutes to get the straps off.” (R. 147.) After the driver removed his helmet, Deputy De Jong noticed that the driver’s “eyes were red, watery, and bloodshot, and that [the driver] was swaying while trying to get his helmet off; as [the driver] was standing there, [the driver] was swaying back and forth.” (R. 148.)
Deputy De Jong then asked the driver for identification, which the driver did not have. The driver did, however, identify himself to Deputy De Jong as Edward Woods. Deputy De Jong then asked Woods if he would participate in field-sobriety tests; Woods agreed to do so. Deputy De Jong then administered to Woods the horizontal-gaze-nystagmus test, the walk-and-tum test, and the one-leg-stand test; Woods failed all three.
At that point, Deputy De Jong asked Woods to take a “portable breath test.” According to Deputy De Jong, Woods declined to do so, stating, “‘I have been drinking, so I don’t need to blow in that thing.’” (R. 175.) Deputy De Jong then arrested Woods for driving under the influence of alcohol and transported him to the Madison County jail.
Before Woods entered the Madison County jail, however, Deputy De Jong asked Woods if Woods had anything illegal in his possession and explained to Woods that if Woods took an illegal substance into the jail “it’s a felony, automatic felony.” (R. 181.) Woods assured Deputy De Jong that he did not have anything illegal in his possession.
Once Deputy De Jong and Woods entered the Madison County jail, Deputy De Jong explained to Woods the implied-consent statute[1] and asked Woods to provide *679 a breath sample in the Draeger machine. According to Deputy De Jong, Woods refused, stating, “No man, I ain’t blowing in shit.” (R. 183.) Thereafter, Deputy De Jong turned Woods over to the custody of the jail staff to be booked for DUI.
During the booking process, Detention Officer Michael Wolfe checked Woods’s pockets and removed what appeared to him to be marijuana and handéd it to Deputy De Jong. Deputy De Jong then processed the marijuana and delivered it to evidence storage to be sent to the Alabama Department of Forensic Sciences for testing.
Thereafter, on August 29, 2014, the Madison County grand jury indicted Woods for second-degree promoting prison contraband, see § 13A-10-37, Ala. Code 1975, misdemeanor DUI, see .§ 32-5A-191(a)(2), Ala. Code 1975, and reckless driving, see § 32-5A-190, Ala. Code 1975.[2] Before trial, however, the State dismissed the reckless-driving charge. After the State presented its evidence at trial, the jury found Woods guilty of misdemeanor DUI and acquitted him of second-degree promoting prison contraband, The circuit court sentenced Woods to 12 months in jail, and then split the sentence arid ordered Woods to serve 8 days in jail, fól-lowed by 2 years’ probation. Woods then filed a posttrial motion, which the circuit court denied, and filed a timely notice of appeal.
Discussion
On appeal, Woods contends, among other things, that the circuit court lacked subject-matter jurisdiction over his misdemeanor DUI charge because, he says, a misdemeanor DUI is a “traffic infraction,” and the prosecution of misdemeanor traffic infractions lies within the “exclusive original jurisdiction” of the district court. We agree.
The Alabama Supreme Court has explained:
“Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’ Black’s Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.”’ (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United *680 States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case).”
Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006) (emphasis added).
With regard to the jurisdictional limits of circuit courts and district courts, the Alabama Constitution provides that “[t]he circuit court shall exercise general jurisdiction in all cases except as may be otherwise provided by law,” § 142, Ala. Const. 1901 (Off. Recomp.), and that “[t]he district court shall be a court of limited jurisdiction and shall exercise uniform original jurisdiction in such cases, and within such geographical boundaries, as shall be prescribed by law.” § 143, Ala. Const. 1901 (Off. Recomp.).
As to the general criminal jurisdiction of circuit courts, the Alabama Code provides, in part:
“The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death.”
§ 12-11-30(2), Ala. Code 1975. As to the general criminal jurisdiction of the district court, the Alabama Code provides, in part, that the district court “shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors.” § 12-12-32(a), Ala. Code 1975. The Alabama Code, however, excepts from the jurisdiction of the district court those misdemeanors “for which an indictment has been returned by a grand jury.” S 12-12-32(a)(3), Ala. Code 1975.
As explained above, in this case, the grand jury returned an indictment against Woods charging him with a misdemeanor DUI. Thus, examining only §§ 12-11-30(2) and 12-12-32(a)(3), Woods’s argument— that his misdemeanor DUI charge should have been prosecuted in district court— appears to be without merit. The Alabama Code and our caselaw have explained, however, that a misdemeanor DUI is not an ordinary misdemeanor offense; rather, a misdemeanor DUI is specially classified as a “misdemeanor traffic infraction.” See § 12-12-50, Ala. Code 1975 (“A ‘traffic infraction’ is any violation of a statute, ordinance or regulation relating to the operation or use of a motor or other vehicles or the use of streets and highways by pedestrians.”); and Davis v. State, 806 So.2d 404, 408 (Ala. Crim. App. 2001) (Shaw, Judge, concurring in the result) (“Driving under the influence is a traffic offense. Wright v. State, 494 So.2d 177 (Ala. Crim. App. 1986).”).
With regard to the prosecution of “misdemeanor traffic infractions,” the Alabama Code provides that the district court—not the circuit court—has “exclusive original jurisdiction.” § 12-12-51, Ala. Code 1975 (emphasis added). Because district courts have “exclusive original jurisdiction” over prosecutions for “misdemeanor traffic infractions” but do not have jurisdiction over prosecutions for misdemeanor offenses for which an indictment has been returned, when (as is the case here) a grand jury returns an indictment charging an offender with a misdemeanor traffic infraction there exists a jurisdictional dilemma.
That dilemma, however, was settled by this Court in Wright v. State, 494 So.2d 177, 178 (Ala. Crim. App. 1986). In Wright, we addressed the issue as follows:
“The Attorney General argues that 12-12-32(a)(3) and § 12-12-51 may be harmonized to mean that the district *681 court has original exclusive jurisdiction of all traffic offenses except those in which an indictment, has been returned by the grand jury. This construction offends the language of both sections and violates established principles of statutory construction. We reject that interpretation in favor of the clear and obvious meaning of the two statutes. We construe the two statutes to mean that the district court has exclusive original jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except any misdemeanor for which an indictment has been returned by grand jury, § 12-12-32(a)(3), except where the misdemeanor is a traffic infraction, in which case the district court has exclusive original jurisdiction. § 12-12-51. In other words, the district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even where an indictment has been returned (except ordinance infractions prosecuted in municipal courts). For any misdemeanor prosecution by indictment, other than a traffic infraction, the district court has jurisdiction but does not have exclusive original jurisdiction.
[[Image here]]
“Section 12-12-32 is titled ‘Criminal jurisdiction generally' and refers to all misdemeanors. Section 12-12-51 is titled ‘District court jurisdiction of misdemeanor prosecutions for traffic infractions,’ and deals specifically with a particular type of misdemeanor. Applying the above rules of statutory construction, the special statute, § 12-12-51, is the exception to the general statute, § 12—12—32, and the general yields and the exception controls.”
494 So.2d at 179 (some emphasis added). Thus, under § 12-12-32(a), § 12-12-51, and Wright, it is the district court—not the circuit court—that has. exclusive original jurisdiction over the prosecution of a misdemeanor DUI,, even if a grand jury has returned an indictment.[3]
Although Wright holds that the district court has exclusive original jurisdiction over an indicted misdemeanor-DUI offense, the State in its brief on appeal argues that Wright is inapplicable to Woods’s case because, the State says, Wright “merely” holds “that misdemeanor traffic offenses, when not charged along with a felony offense, [are] in the exclusive original jurisdiction of the district courts; even if such misdemeanor traffic offenses [are] charged by indictment.” (State’s brief, p. 13 (emphasis added).) The State contends that applying Wright to Woods’s case “ignores Ala. Code § 12-11-30(2) (1975)” (State’s brief, p. 9), which' statute, as set out above, details the general criminal jurisdiction on the circuit court. According to the State, “[bjecause Woods was indicted for the felony of promoting prison contraband in the second degree, as well as the misdemeanor DUI offense, and because both charges arose from the same incident,, the circuit court correctly exercised subject matter jurisdiction over both charges.” (State’s brief, pp. 9-10 (emphasis added).)
*682 In other words, the State contends that, because Woods’s misdemeanor-DUI charge and his second-degree-promoting-prison-contraband charge “arose from the same incident” and were both indicted by the Madison County grand jury, the jurisdiction of the circuit court was properly invoked and Woods’s misdemeanor-DUI charge was properly before that court. To support its position, the State cites this Court’s decision in Casey v. State, 740 So.2d 1136 (Ala. Crim. App. 1998).
In Casey,. Casey was indicted for felony DUI, misdemeanor DUI, reckless driving, and driving with his license revoked. Immediately before trial, however, the State nol prossed. Casey’s felony-DUI indictment and proceeded to trial on .the remaining misdemeanors. At trial in the, circuit court, Casey was convicted of ¡all three remaining offenses.. On appeal from his convictions, Casey argued that, “because the remaining charges against him were misdemeanors, jurisdiction over, his case rested exclusively with the Foley Municipal Court.” Casey, 740 So.2d at 1138. This Court, after recognizing that “in the case of misdemeanor traffic infractions, including DUI, charged by indictment, the district court has exclusive original jurisdiction,” id. at 1139, rejected Casey’s argument, holding:
“[I]n the present case, Casey was not' indicted only for misdemeanor traffic of-, fenses. Casey was also indicted for a felony offense, which is within the juris-’ diction of the, circuit court, Casey’s argument that the circuit court did not have jurisdiction ignores this fact. The misdemeanor offenses against Casey arose from the same incident as the felony DUI with which Casey was originally charged. Under § 12-11-30, Ala. Code 1975:
“ ‘The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge.... ’
“For example, in Crear v. State, 691 So.2d 530 (Ala. Cr. App. 1991), the defendant was indicted for felony possession of marijuana. However, when the State failed to prove a prior conviction, the circuit court granted the defendant’s motion for a judgment of acquittal on felony possession and instructed the jury only on misdemeanor marijuana possession. On appeal, this Court held ttiat the circuit court did not lose jurisdiction when it dismissed the felony charge, Crear v. State, 591 So.2d at 532. See also Ross v. State, 529 So.2d 1074, 1078 (Ala. Cr. App. 1988) ((the [subject matter] jurisdiction of the court, in felony cases, rests upon utilization of a grand jury indictment or information’); Coral v. State, 551 So.2d 1181 (Ala. Cr. App. 1989) (circuit court acquires personal jurisdiction by indictment).
“A similar- case is presented here. A grand, jury returned an indictment against Casey charging a felony DUI, thereby invoking the jurisdiction of the circuit court. The dismissal of the felony DUI against Casey before .trial did not strip the circuit court of jurisdiction over the remaining misdemeanor charges. The circuit court'had jurisdiction .over the- charges of DUI, reckless driving, and driving while his 'license was revoked.”
Casey, 740 So.2d at 1139. Thus, under Casey, a circuit court may exercise jurisdiction over an indicted misdemeanor-DUI offense only' if, that, offense is either a lesser-included offense of a charged felony or “arose from the same incident” as did a charged felony.
Here, because a misdemeanor DUI is not a lesser-included offense of second- *683 degree promoting prison contraband, see § 13A-1-9, Ala. Code 1975, the circuit court has subject-matter jurisdiction over Woods’s misdemeanor-DUI charge only if it “arise[s] from the same incident as” the second-degree-promoting-prison-contraband charge. Under the circumstances of this case, it does not,
Iii Matthews v. City of Birmingham, 581 So.2d 15 (Ala. Crim. App. 1991), this Court addressed the “arise[s] from” language in § 12-11-30(2). In Matthews, a police officer saw Matthews sitting in his car drinking a beer, asked Matthews to get out of his car, placed Matthews under arrest, searched Matthews’s car, and discovered in Matthews’s car a set of scales and 11 bags of cocaine. Thereafter, Matthews was arrested for drinking alcohol in public, possession of drug paraphernalia, and unlawful possession of a controlled substance. Because Matthews’s charges for drinking alcohol in public and possession of drug paraphernalia .were municipal-ordinance violations, those offenses were prosecuted in the municipal court. Because Matthews’s unlawful-possession-of-a-controlled-substance charge was a felony offense, that charge was prosecuted in the Jefferson Circuit Court. When Matthews appealed his municipal-court convictions to the Jefferson Circuit Court, he argued to the circuit court that, under .§ 12-11-30(2), Ala. Code 1975, the municipal court did not have jurisdiction over his charges for drinking alcohol in public and possession of drug paraphernalia because, he said, those charges “arose from” the “same incident” as the unlawful-possession-of-a-controlled-substance charge. The circuit court rejected Matthews’s argument.
This Court, however, agreed with Matthews’s interpretation of 12-11-30(2), Ala. Code 1975. Specifically, we explained that §§ 12-11-30, 12-12-32(a), and 12-14-1, Ala. Code 1975—the statutes that confer jurisdiction upon the circuit court, district court, and municipal courts, respectively—
“when- read together, require that the municipal ordinance violations in this case be prosecuted directly in circuit court as both of the offenses, i.e., drinking alcohol in public and possession of drug paraphernalia, under the facts of this case, are municipal ordinance violations which arise from the same incident, on the same date, and in the same place as the felony, i.e., the possession of cocaine.”
Matthews, 581 So.2d at 21. Thus, we held that the circuit court—not the municipal court—had jurisdiction over Matthews’s charges for drinking alcohol in public and possession of drug paraphernalia.
In Ex parte City of Tuscaloosa, 636 So.2d 692 (Ala. Crim. App. 1993), however, we reconsidered our interpretation of § 12-11-30(2), Ala. Code 1975. in that case,
‘Willie Samuel Russell, Jr., was contemporaneously arrested for leaving the scene of an accident (a felony or misdemeanor depending on whether personal injury is involved) and for driving under the influence of alcohol (DUI) and driving with a revoked driver’s license (DRL) (both misdemeanor municipal ordinance violations).
“Because there was a personal injury involved, Russell was charged with the felony offense of leaving the scene of an accident. See Ala. Code 1975, § 32-10-2, § 32-10-6. However, the grand jury indicted Russell only for the misdemeanor offense of leaving the scene of an accident. The misdemeanor charge was adjudicated in the district court in Russell’s favor.
“Russell was convicted in the municipal court of the municipal ordinance violations of DUI and. DRL. He appealed both convictions to the circuit court for *684 trial de novo. The circuit court dismissed those charges on the ground that under Matthews v. City of Birmingham, 581 So.2d 15 (Ala. Crim. App. 1991), the municipal court never had jurisdiction over those offenses because the charges of DUI and DRL arose out of the same incident as the felony charge of leaving the scene of an accident.”
636 So.2d at 693. The City of Tuscaloosa then filed a petition for a writ of mandamus in this Court, requesting that we direct the circuit court to set aside its order dismissing Russell’s municipal-court convictions.
This Court explained that it was using the City of Tuscaloosa’s petition as an “opportunity to address the confusion created by Matthews v. City of Birmingham, 581 So.2d 15 (Ala. Crim. App. 1991).” Narrowing the definition of the term “same incident,” this Court overruled Matthews “to the extent that it holds that all offenses that are either discovered on one occasion or for which the defendant is arrested or charged on one occasion automatically ‘arise from the same incident’ and therefore must be prosecuted in the circuit court under Ala. Code 1975, 12-11-30(2).” Ex parte City of Tuscaloosa, 636 So.2d at 693-94. This Court held that “the ‘same incident’ language of § 12-11-30(2) should be construed and interpreted to mean the ‘same act.’ ” Id.
In reaching this holding, this Court relied on Justice Maddox’s interpretation of § 12-11-30(2), Ala. Code 1975, and his criticism of Matthews; specifically, we recognized:
“At least one commentator has previously urged this interpretation:
“ ‘The statute also says that all misdemeanor and ordinance violations which “arise from the same incident as the felony charge” are within the exclusive original jurisdiction of the circuit court. The words “which arise from the same incident as the felony charge” are not defined in the Code or in the Rules. What do they mean? The commentary to Rule 2.2 refers to the offenses as “incidental misdemeanor offenses and ordinance violations.” Of course, the Rule and. the Commentary are merely declaratory of the statutory law which defines the circuit court’s jurisdiction. The question is, what did the Legislature intend when it used these words? The better words probably would have been “same transaction”'or “same act” instead of ‘‘same incident,” but the Legislature probably intended that the words ‘same incident’ be construed to mean the same act, because it defined “act” in the Criminal Code [§ 13A-2-1(1), Ala. Code 1975,] as “[a] bodily movement,' and such term includes possession of property.” If so construed, the words would carry out the purposé of having only one trial, in which all offenses arising out of a culpable act would be tried in the’circuit court.’
“H. Maddox, Alabama Rules of Criminal Procedure § 2.2(a), at 68 (1990)(footnote omitted).
“‘In Grady v. Corbin [495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)], a sharply divided U.S. Supreme Court held that the Double Jeopardy Clause barred a subsequent felony prosecution for manslaughter because the defendant had previously pled guilty and been convicted of driving while intoxicated and failing to keep to the right of the median. The Court found that the manslaughter conviction was barred because the State there had admitted, on a bill of particulars, that it would be necessary to prove the same facts that supported the misdemeanor convictions to prove an essential element of the manslaughter charge.
*685 [[Image here]]
“‘The Grady v. Corbin principle had a tremendous impact upon law enforcement and prosecutors, however. Law enforcement officers and courts became especially sensitive when a misdemeanor offense and a felony offense arose about the same time or out of the same transaction or occurrence. For example, a defendant might be stopped for a traffic offense (a misdemeanor) and then was found to be in possession of illegal drugs (a felony). The question would immediately arise: Which court has jurisdiction—the municipal or district, or the circuit? The Grady v. Corbin principle raises the question whether the defendant could be prosecuted for the felony drug offense if he or she were allowed to plead guilty to the traffic offense. There is a more serious jurisdictional problem presented by these facts in Alabama, because of the wording of the Alabama statutes that grants jurisdiction to circuit, district and municipal courts and divides that jurisdiction when a felony and misdemeanor offense arise out of the same incident .... Ala. Code 1975, § 12-11—30[,] states that circuit courts have “exclusive jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise out of the same incident as a felony charge...” (emphasis added [by Maddox]).
“ ‘In Matthews v. City of Birmingham, 581 So.2d 15 (Ala. Crim. App. 1991), the defendant was arrested and charged by a Birmingham police officer with drinking alcohol in public, possession of drug paraphernalia, and unlawful possession of a controlled substance. The defendant moved to dismiss the municipal charges on the ground that the City of Birmingham did not have jurisdiction of charge.
“ ‘In Matthews, the Court of Criminal Appeals concluded that “the provisions of § 12-11-30(2), § 12-12-32(a), and § 12-14-1, when read together, require that the municipal ordinance violations in this cause be prosecuted directly in circuit court as both of these offenses, i.e., drinking in public and possession of drug paraphernalia, under the facts of this case, are municipal ordinance violations which arise from the same incident, on the same date, and in the same place as the felony, i.e. the possession of cocaine.”
“‘The Matthews case, if it holds that “drinking in public” and “possession of a controlled substance,” arose out of the “same incident,” as contemplated by the statutes, seems to be incorrectly decided. The State did not request the Alabama Supreme Court to review its holding; consequently, the decision was not reviewed. Matthews seems wrong because it appears to misconstrue legislative intent in adopting the statutes that grant jurisdiction to circuit and district courts. As pointed out in the main volume, the Legislature, in using the words “same incident,” “probably intended that the words ‘same incident’ be construed to mean the same act .... ” This construction would seem to carry out the intent of the Legislature. At the time the legislature adopted Act No. 1205, § 2-104, Acts of Alabama, 1975, which became § 12-1-30, the Legislature no doubt was attempting to prevent the possibility that a defendant could raise a double jeopardy question if he or she were convicted of a misdemeanor offense arising out of the same set of facts.
*686 “‘It appears to be clear that the Legislature intended to grant exclusive jurisdiction to the circuit courts of “all felony prosecutions and of misdemeanors and ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge Wright v. State, 494 So.2d 177 (Ala. Crim. App. 1986), however, sets out an exception. Wright correctly holds that district courts have exclusive jurisdiction of traffic offenses, even if there are felony offenses committed at the same time and at the same place.[4] Wright seems to capture what the Legislature intended. Matthews does not, but in neither case was certiorari review requested. The holding in Wright does not seem to conflict with the holding of the U.S. Supreme Court in Grady v. Corbin.’
“H. Maddox, Alabama Rules of Criminal Procedure § 2.2(b), at 20-24 (Supp. 1990)(footnotes omitted).”
636 So.2d at 694-95. Based on Justice Maddox’s reasoning, this Court concluded that the municipal court—not the circuit court—had jurisdiction over Russell’s DUI and driving-with-a-revoked-license offenses, and ordered the circuit court to set aside its order dismissing those charges.
Applying this Court’s most recent interpretation of § 12-11-30(2), Ala. Code 1976, to this case, we conclude that, although Woods was arrested for misdemeanor DUI and second-degree promoting prison contraband on the same evening, the misdemeanor-DUI charge did not “arise from the same incident” as the second-degree-promoting-prison-contraband charge. Indeed, it would not be necessary in this case for the State to rely on or to prove any of the facts supporting the misdemeanor-DUI charge to prove any element of the second-degree-promoting-prison-contraband charge.
Moreover, the “culpable act” giving rise to the second-degree-promoting-prison-contraband charge—that is, Woods’s being in possession of marijuana in the Madison County jail—did not occur until well after Woods had completed the “culpable act” giving rise to the misdemeanor-DUI charge. In fact, the two offenses were so far removed from each other that Deputy De Jong—who arrested Woods for misdemeanor DUI—had already turned Woods over to the Madison County jail officials for booking and had started filling out paperwork for Woods’s misdemeanor-DUI charge when jail officials discovered the marijuana in Woods’s possession.
Although we recognize that there is some causal connection between Woods’s misdemeanor-DUI charge and his felony promoting-prison-contraband charge (that is, but for Woods being arrested for DUI he would not have been booked in the jail and the marijuana would not have been discovered), this loose causal connection does not establish that Woods’s misdemeanor-DUI charge “arose from the same incident” as the promoting-prison-contraband offense.
Thus, under § 12-11-30(2), § 12-12-32(a)(3), § 12-12-51, and our interpretation of these statutes in Wright and in Ex parte City of Tuscaloosa, the circuit court did not have subject-matter jurisdiction over Woods’s misdemeanor DUI charge *687 because Woods’s misdemeanor DUI charge was a misdemeanor traffic infraction that did not arise from the same incident as his felony promoting-prison-contraband charge.
Conclusion
Because the circuit court did not have subject-matter jurisdiction over Woods’s misdemeanor-DUI charge, Woods’s conviction for misdemeanor DUI and his resulting sentence are due to be vacated. Thus, we remand this case to the circuit court for that court to vacate Wbods’s. conviction and sentence for misdemeanor DUI.
Additionally, we note that
“[tjhis Court’s finding that the circuit court lacked subject-matter jurisdiction necessarily leads to the finding that jeopardy did not attach. ‘It is essential to constitute jeopardy that the- court in which the accused is put upon his trial shall have jurisdiction. If it .is without jurisdiction, there can be no valid conviction, and hence there is no jeopardy.’ Benjamin F. Cox v. State, 585 So.2d 182, 192 (Ala. Crim. App. 1991)(quoting Anthony G. Cox v. State, 462 So.2d 1047, 1051 (Ala. Crim. App. 1985)). Therefore, the.reversal of the conviction in this case would not preclude the revival of the original traffic case based on the ticket for DUI.”
Dutton v. State, 807 So.2d 596, 598-99 (Ala. Crim. App. 2001), overruled on other grounds by Marshall v. State, 25 So.3d 1183 (Ala. Crim. App. 2008).
REVERSED AND REMANDED.
Windom, P.J., and Welch and Burke, JJ., concur. Kellum, J., not sitting.

. The implied-consent statute provides, in relevant part:
"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the *679 public highways of this state while tinder the influence of intoxicating liquor. The test or,, tests shall be administered at the direction of a law .enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered. Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 90 days; provided if such person objects to a blood test, the law enforcement agency shall designate that one of the other aforesaid tests be administered.”
§ 32-5-192(a), Ala. Code 1975.

. Although the Madison County grand jury indicted Woods for misdemeanor DUI more than 12 months after the offense was committed, see § 15-3-2, Ala. Code 1975 ("[T]he prosecution of all misdemeanors before a circuit ... court must be commenced within 12 months after the commission of the offense”), on April 6, 2013, Deputy De Jong issued Woods a Uniform Traffic Ticket and Complaint charging Woods with a misdemeanor . DUI. (Supplemental Record on Appeal C. 24), which “tolls the running of the statute of limitations ... under § 15-3-2.” Beals v. State, 533 So.2d 717, 722 (Ala. Crim. App. 1988).

. At the time Wright was decided, § 32-5A-191, Ala. Code 1975, had no felony-DUI provision. After Wright was decided, howevér, the legislature amended § 32-5A-191, Ala. Code 1975, to include a felony-DUI offense. We have since noted that "the decision in Wright is inapplicable only in cases where the defendant is charged with the felony offense of driving under the influence. This Court’s decision in Wright—that the circuit court lacked original jurisdiction to enter a conviction for driving under the influence—remains in force as to defendants charged with the misdemeanor offense of driving under the influence.” McDuffie v. State, 712 So.2d 1118, 1119 n.2 (Ala. Crim. App. 1997), overruled on other grounds, Ex parte Holbert, 4 So.3d 410 (Ala. 2008).

. Justice Maddox appears to conclude that this Court’s decision in Wright precludes circuit courts from exercising subject-matter jurisdiction over a misdemeanor DUI charge. This Court, however, has never taken such an approach; rather, as discussed above, subsequent to Justice Maddox’s commentary we have held that circuit courts can exercise subject-matter jurisdiction over a misdemeanor DUI charge if it "arises out of the same incident” as a felony charge.