170 So.2d 491

**James Henning PARKERSON**

**v.**

**SEVENTEENTH JUDICIAL CIRCUIT COURT, SUMTER COUNTY, Alabama.**

**2 Div. 468.**

Supreme Court of Alabama.

Jan. 7, 1965.

James Henning Parkerson, pro se.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for respondent.

**346**

COLEMAN, Justice.

This is an original proceeding for mandamus. Petitioner alleges that he filed a petition for writ of error coram nobis in the "SEVENTEENTH (17) JUDICIAL CIRCUIT COURT ON TO-WIT, AUGUST 10, 1964"; that his rights to due process and equal protection are being willfully denied by the Circuit Court of "THE SEVENTEENTH (17) JUDICIAL CIRCUIT"; and prays that this court issue a writ of mandamus directed to "THE SEVENTEENTH (17) JUDICIAL CIRCUIT, SUMTER COUNTY, ALABAMA," directing said court "TO FORTHWITH ANSWER SAID PETITION FOR WRIT OF ERROR CORAM NOBIS"; and for general relief.

■ Disregarding the fact that the petition is directed against the circuit court and not against the judge, and disregarding the inaptness of the prayer to compel the court to answer a petition for writ of error coram nobis, we think petitioner is not entitled to the relief prayed for or to any other relief on this petition.

The petition for mandamus was filed in this court November 27, 1964. The state has filed in this court a motion to dismiss the petition for mandamus for that, on November 20, 1964, and prior to the filing of the petition for mandamus, the judge of the Circuit Court of Sumter County, Alabama, did make and enter an order setting petitioner's petition for writ of error coram nobis for hearing before the Circuit Court of Sumter County on December 10, 1964. An authenticated copy of the order so made by the judge of the Circuit Court of Sumter County is attached to the state's motion to dismiss.

■ It thus appears that the only relief which could be granted on the petition for mandamus; to wit, an order directing the judge of the circuit court to set the petition for writ of error coram nobis for hearing; has already been granted to petitioner and that his request for mandamus is not only

moot now but was also moot when the petition for mandamus was filed.

The motion of the state to dismiss the petition for mandamus is due to be and is granted.

Petition dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.