Bobby Wayne Little filed three similar petitions for the writ of mandamus, all of which involve identical legal issues. The petitions seek an order directing Judge Richard Joel Laird to vacate his orders denying Little's affidavits of substantial hardship and directing Judge Laird to recuse himself in each of the cases. Little seeks, by the filing of the affidavits in each case, to be declared indigent and to have the prepayment of court costs waived. We grant the petitions in part and deny them in part.
Little, a State prison inmate, filed three separate civil actions in the Calhoun Circuit Court. The actions were filed against Fred Lawton III, Cindy L. Lewis, and Ted Hooks, respectively. Each action was accompanied by a signed and notarized Unified Judicial System Form C-10, "Affidavit of Substantial Hardship and Order." According to Little, each affidavit noted his approximate income of $5.00 a month from gifts. Only the reverse side of the affidavit of substantial hardship forms were submitted to this Court as exhibits. The trial judge executed the order of the court portion of the form in each case; that order portion reads, in pertinent part: "IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT AS FOLLOWS: [box checked indicating that] Affiant is not indigent and request is DENIED." The words "Affiant is not indigent and" were stricken through. Little filed a motion to reconsider in each case; the motions were denied. He filed a petition for a writ of mandamus with this Court in each case. This Court ordered answers and briefs in each case and consolidated the cases for the purpose of writing one opinion. *Page 824 
Mandamus is "proper to compel a court to perform ministerial duties and to entertain jurisdiction," State v. Cannon, 369 So.2d 32, 33 (Ala. 1979); it is also the proper method by which to review whether recusal is required. Ex parte Melof, 553 So.2d 554 (Ala. 1989).
We have often stated the standard for issuing a writ of mandamus:
 "A writ of mandamus is an extraordinary remedy, and it `will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993)."
Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000).
We first address the issue of the judge's denial of Little's request for indigency status as reflected on the order included in the form. Little points out that Judge Laird not only denied his request for indigency status but also struck through the following language on the form: "Affiant is not indigent." In his response, Judge Laird acknowledges that he denied the petitioner's affidavit of substantial hardship and further denies that his action in doing so was improper. He asserts that it was within his discretion to deny the application, but he offers no reason for the denial or any explanation for striking through the words "affiant is not indigent" that appear on the order portion of the form.
Based upon the information before this Court, we conclude that Little has established a clear legal right to the order sought, that is, to have the order denying him indigency status vacated, that the respondent had a duty to perform, and that he refused to do so. Little has also demonstrated the lack of another adequate remedy, and he has properly invoked the jurisdiction of this court. We issue a writ of mandamus in each case directing Judge Laird to vacate his order denying Little indigency status.
Little also seeks an order directing Judge Laird to recuse himself in each case. As grounds for this request he argues that Judge Laird's denying him indigency status without citing grounds for the denial demonstrates bias against Little. Little also alleges that the status of each individual defendant serves as a basis for imputing bias or partiality on the part of the trial judge: according to the petitions, Fred Lawton III is a practicing attorney in Calhoun County; Ted Hooks is the circuit clerk of Calhoun County; and Cindy L. Lewis is apparently Little's former wife. Little also states that the sheriff of Calhoun County is a defendant, although nothing in the materials before this Court indicates that the sheriff has been named as a party. Judge Laird denies that he has done anything that should require his recusal.
Canon 3.C. of the Alabama Canons of Judicial Ethics governs the disqualification of a judge. The pertinent portion of that rule provides:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced *Page 825 
 law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it;
 "(c) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
 "(d) He or his spouse, or a person within the fourth degree of relationship to either of them, or the spouse of such a person:
 "(i) Is named a party to the proceeding, or an officer, director, or trustee of a party;
 "(ii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
 "(iii) Is to the judge's knowledge likely to be a material witness in the proceeding."
Little has failed to establish actual personal bias or prejudice on the part of Judge Laird; he has further failed to demonstrate that Judge Laird's impartiality might reasonably be questioned. We will not presume bias or prejudice. Hartman v. Board of Trustees of the Univ. of Alabama,436 So.2d 837 (Ala. 1983).
This Court in Ex parte Melof, 553 So.2d 554, 557 (Ala. 1989), observed that "a mere accusation of bias that is unsupported by substantial factdoes not require the disqualification of a judge." The Court further stated:
 "The burden is on the party seeking recusal to present evidence establishing the existence of bias or prejudice. . . . `"[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea."`Any disqualifying prejudice or bias as to a party must be of a personal nature and must stem from an extrajudicial source."
553 So.2d at 557 (citations omitted). Little has failed to meet his burden with respect to Judge Laird's recusal. The evidence before this Court consists of allegations and suppositions unsupported by substantial fact. The denial of Little's applications for indigency status and the fact that two of the individual defendants had positions in the court system — a lawyer and the circuit clerk — without more, does not indicate bias or prejudice on the part of Judge Laird. Therefore, we deny Little's request for an order directing Judge Laird to recuse himself in each of these cases.
Because we have decided that Judge Laird is not required to recuse himself in these cases we must further address the matter of the affidavits of substantial hardship. While we have determined that the orders denying Little indigency status are due to be vacated, we do not find that Little has demonstrated an absolute right to indigency status. Little has filed only the second page of each affidavit of substantial hardship form with this Court. The orders denying Little indigency status must be vacated, and Judge Laird must reconsider Little's applications. In the event Judge Laird finds it appropriate to deny Little indigency status he shall state the reason therefor in writing and notify Little. If the reason is that Little is not indigent, checking the appropriate box on the order portion of the affidavit of substantial hardship and order forms shall be sufficient. Only if this Court is advised of the reason for denial of indigency status can this Court adequately perform our responsibility of reviewing the denial. *Page 826 
PETITIONS GRANTED IN PART AND DENIED IN PART; WRITS ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.