The State has petitioned this Court for a writ of mandamus directing the trial judge to vacate her order dismissing the "case" against the defendant Clennan Hill Webber and to adjudicate him guilty and to sentence him in accordance with his guilty pleas. For the reasons explained in this opinion, we must dismiss the petition for the writ of mandamus.
In December 2001, Webber was indicted for four property crimes. He declined to participate in the "pre-trial diversion program" operated by the district attorney but agreed to participate in the "drug court" instituted and supervised by the trial judge herself. He entered guilty pleas to the four charges in the "case," and the trial court deferred adjudications and sentencing subject to certain conditions, including participation in the trial judge's "drug court." After the defendant completed the drug court program and fulfilled all other conditions imposed by the trial court, it, over the district attorney's objection, dismissed the "case" against the defendant with prejudice on April 24, 2003.
On May 1, 2003, within the seven days next following the date of the judgment of dismissal, see Rule 21(a), Ala. R.App. P., and Rule 15.7, Ala. R.Crim. P., the State, through the district attorney, petitioned the Alabama Court of Criminal Appeals for the same mandamus relief the State now seeks from us. The Court of Criminal Appeals dismissed that petition on July 9, 2003, without an opinion, State v. Webber, (No. CR-02-1386),886 So.2d 187 (Ala.Crim.App. 2003) (table); and the State petitioned us within seven days thereafter, on July 16, 2003.
The State claims that the trial court "usurped the authority of the district attorney" and "abused its discretion by arbitrarily and capriciously dismissing the charges against the Defendant over the State's objection." The State does not claim lack of notice or opportunity to be heard before the trial court.
Because the trial court now lacks jurisdiction to vacate the judgment of dismissal, and the appellate courts of the state now lack jurisdiction to order the judgment vacated, we cannot reach the merits of the claim of the State, as the claim is moot, and accordingly we must dismiss the petition for a writ of mandamus directing that the dismissal of the case be vacated, the charges adjudicated, and the defendant sentenced. Parkerson v.Seventeenth Judicial Circuit Court, Sumter County, 277 Ala. 345,170 So.2d 491 (1965). See State ex rel. City of Prichard v.Jansen, 271 Ala. 104, 122 So.2d 736 (1960). We will explain.
The April 24, 2003 dismissal of the case constituted a final judgment, as distinguished from an interlocutory judgment or order. Ex parte Sullivan, 779 So.2d 1157, 1160 (Ala. 2000).[1] See also Fong Foo v. United States,369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). The trial court lost subject-matter jurisdiction of the cases at the expiration of thirty days following entry of the final judgments. Ex parteHitt, 778 So.2d 159 (Ala. 2000); Massey v. State,587 So.2d 448 (Ala.Crim.App. 1991); and Shepard v. State, 347 So.2d 1017
(Ala.Crim.App. 1977). See Rule 24, Ala. R.Crim. P.
No party filed an appeal.[2] Because no party filed a timely appeal, no appellate *Page 871 
court ever acquired any appellate jurisdiction over the cases.Spina v. Causey, 403 So.2d 199 (Ala. 1981); Lewis v. State,463 So.2d 154 (Ala. 1985); Woods v. State, 371 So.2d 944, 945
(Ala. 1979); and Turner v. State, 365 So.2d 335, 336
(Ala.Crim.App. 1978).
Within seven days after the trial court entered the final judgments, during the thirty days when the trial court did retain subject-matter jurisdiction, the State petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge to vacate the dismissal, to adjudicate the charges, and to sentence the defendant. The State did not, however, obtain, from either the trial court or any appellate court, any stay of the final judgment.
The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. See Ex parte St. John,805 So.2d 684 (Ala. 2001); State ex rel. S.N. v. W.Y.,622 So.2d 378, 381 (Ala.Civ.App. 1993); and Continental Oil Co. v.Williams, 370 So.2d 953, 954 (Ala. 1979). The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. Ex parte Little, 837 So.2d 822, 824 (Ala. 2002). Further, a petition for a writ of mandamus is not a substitute for an appeal. State v. Van Reed, 673 So.2d 857, 858
(Ala.Crim.App. 1996); and Ex parte City of Tuscaloosa,636 So.2d 692, 694 (Ala.Crim.App. 1993).
Therefore, in the case now before us, the filing of the petition for a writ of mandamus neither transferred the retained subject-matter jurisdiction of the trial court to the appellate court, nor tolled the expiration of the thirty days of retained jurisdiction of the trial court, nor conferred appellate jurisdiction (as distinguished from supervisory jurisdiction over the trial judge) on the Court of Criminal Appeals. Thus, after the thirty days of retained jurisdiction in the trial court expired, and after any applicable period for appeal, if any,[3] expired, the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of dismissal, and the appellate courts lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated.
PETITION DISMISSED.
HOUSTON, LYONS, and HARWOOD, JJ., and GORDON, Special Justice,* concur.
SEE, J., concurs specially.
WOODALL, J., concurs in the result.
BROWN and STUART, JJ., dissent.
[1] Ex parte Sullivan also recognized a petition for a writ of mandamus as the proper vehicle for review of a dismissal similar to the one in the case now before us. In Ex parteSullivan, as in Ex parte Thomas, 828 So.2d 952 (Ala. 2001), however, no party raised, and this Court overlooked and did not address, the expiration of the subject-matter jurisdiction of the trial court and the appellate courts in the absence of a stay of or relief from the final judgment of the trial court within 30 days of its entry.
[2] This opinion does not suggest that the State could or could not have appealed. The issue is not before us.
[3] See footnote 2.
* Retired Circuit Judge William Gordon was appointed on November 14, 2003, to be a Special Justice in regard to this appeal.