915 So.2d 569 (2005)
Ex parte State of Alabama
In re STATE of Alabama
v.
Brenton Ray CALHOUN.
No. 1021902.
Supreme Court of Alabama.
June 3, 2005.
Ellen Brooks, district atty., and Tracy L. Roberts, deputy district atty., for petitioner.
Jamie Alisa Tharp of Roger Monroe & Associates, Montgomery; and Bartley E. Tomlinson III of Birdsong & Associates, Montgomery, for respondent.
*570 BOLIN, Justice.
PETITION DENIED. NO OPINION.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, and PARKER, JJ., concur.
STUART and SMITH, JJ., concur specially.
STUART, Justice (concurring specially).
I recognize the principle of stare decisis, and in light of this Court's decision in State v. Webber, 892 So.2d 869 (Ala.2004), I concur specially in the majority's denial of the petition for the writ of mandamus. I, however, adhere to my dissent in Webber, in which I addressed the substantive merits of the issue presented by this petition. I encourage the State, in a future case, to timely present the substantive issue whether a trial court has the discretion to dismiss a criminal case over the State's objection when the defendant has pleaded guilty to an offense but the trial court refuses to adjudicate and to sentence the defendant.
Brenton Ray Calhoun pleaded guilty to unlawful possession of a controlled substance. As did the trial court in Webber, the trial court in this case deferred adjudication and sentencing of Calhoun pending completion of a drug-diversion program, which program was approved by the trial court but not by the district attorney's office. After Calhoun completed the drug-diversion program, the trial court, over the State's objections, dismissed the case. Based on this Court's holding in Webber, the State's petition was not timely; therefore, this Court must deny the petition.
In accordance with Webber, the proper procedure for the State to follow is to timely request a motion to stay the proceedings in the trial court and to timely file a petition for a writ of mandamus in the Court of Criminal Appeals. If the trial court denies the motion to stay the proceeding, then the State must file a motion to stay with its petition for the writ of mandamus in the Court of Criminal Appeals. If the Court of Criminal Appeals denies the stay, the State must file a petition for a writ of mandamus with this Court requesting that this Court order the Court of Criminal Appeals to order the trial court to stay the proceedings until resolution of the petition for the writ of mandamus.
SMITH, J., concurs.