STUART, Justice.
John V. Denson II, circuit judge in the Lee Circuit Court, and Mary Maxine Neel separately petition this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its judgment in State v. Neel, 57 So.3d 186 (Ala.Crim.App.2010). For the reasons explained in this opinion, we grant Judge Denson’s petition for the writ of mandamus and issue the writ, and we dismiss Neel’s petition.
In May 2006, Neel was indicted for killing Glenn Hall. At trial, Neel asserted that she was acting in self-defense when she shot Hall.[1] A jury found Neel guilty of murder. Neel moved for a judgment of acquittal. On January 15, 2009, the trial court conducted a hearing, and on April 3, 2009, the trial court, in a 39-page order, granted Neel’s motion for a judgment of acquittal, vacated the jury’s verdict, and discharged Neel.
On April 10, 2009, the State filed a timely petition for a writ of mandamus in the Court of Criminal Appeals, asking that court to order Judge Denson to vacate his order setting aside the jury’s verdict. On April 16, 2009, the Court of Criminal Appeals ordered Judge Denson and Neel to respond to the State’s petition. On March 26, 2010, the Court of Criminal Appeals granted the State’s petition for a writ of mandamus and directed Judge Denson to set aside his order vacating the jury’s verdict finding Neel guilty of murder and to sentence Neel in accordance with her conviction for murder.
On April 9, 2010, Judge Denson and Neel separately petitioned this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order. In his petition, Judge Denson maintains that before this Court can address the substantive merits of this case, we must determine whether the issue is moot. According to Judge Denson, the trial court now lacks jurisdiction to vacate the judgment of acquittal, and the Court of Criminal Appeals did not have jurisdiction to order that the judgment of acquittal be vacated. We agree.
This Court addressed a similar situation in State v. Webber, 892 So.2d 869 (Ala.2004), in which we held that a claim was moot because no court had jurisdiction to act. Webber, who had been indicted for property crimes, agreed to participate in the trial court’s drug-court program and pleaded guilty to the offenses. The trial court deferred adjudications and sentencing until after Webber completed the drug-court program and complied with other conditions. When Webber successfully completed the program and had satisfied the other conditions, the trial court, over the objections of the district attorney, dismissed the cases against Webber with prejudice. The district attorney then petitioned the Alabama Court of Criminal Appeals for a writ of mandamus, asking that court to direct the trial court to vacate its order dismissing the cases against Web-ber, to adjudicate him guilty, and to sentence him. The Court of Criminal Appeals *197 dismissed the petition, with an unpublished memorandum. State v. Webber (No. CR-02-1386), 886 So.2d 187 (Ala.Crim.App.2003) (table). The State then, petitioned this Court for the same relief. We, too, dismissed the petition, stating:
“Because the trial court now lacks jurisdiction to vacate the judgment of dismissal, and the appellate courts of the state now lack jurisdiction to order the judgment vacated, we cannot reach the merits of the claim of the State, as the claim is moot, and accordingly we must dismiss the petition for a writ of mandamus directing that the dismissal of the case be vacated, the charges adjudicated, and the defendant sentenced. Parkerson v. Seventeenth Judicial Circuit Court, Sumter County, 277 Ala. 345, 170 So.2d 491 (1965). See State ex rel. City of Prichard v. Jansen, 271 Ala. 104, 122 So.2d 736 (1960). We will explain.
“The April 24, 2003 dismissal of the case constituted a final judgment, as distinguished from an interlocutory judgment or order. Ex parte Sullivan, 779 So.2d 1157, 1160 (Ala.2000). See also Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). The trial court lost subject-matter jurisdiction of the cases at the expiration of thirty days following entry of the final judgments. Ex parte Hitt, 778 So.2d 159 (Ala.2000); Massey v. State, 587 So.2d 448 (Ala.Crim.App.1991); and Shepard v. State, 347 So.2d 1017 (Ala.Crim.App.1977). See Rule 24, Ala. R.Crim. P.
“No party filed an appeal. Because no party filed a timely appeal, no appellate court ever acquired any appellate jurisdiction over the cases. Spina v. Causey, 403 So.2d 199 (Ala.1981); Lewis v. State, 463 So.2d 154 (Ala.1985); Woods v. State, 371 So.2d 944, 945 (Ala.1979); and Turner v. State, 365 So.2d 335, 336 (Ala.Crim.App.1978).
“Within seven days after the trial court entered the final judgments, during the thirty days when the trial court did retain subject-matter jurisdiction, the State petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge to vacate the dismissal, to adjudicate the charges, and to sentence the defendant. The State did not, however, obtain, from either the trial court or any appellate court, any stay of the final judgment.
“The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. See Ex parte St. John, 805 So.2d 684 (Ala.2001); State ex rel. S.N. v. W.Y., 622 So.2d 378, 381 (Ala.Civ.App.1993); and Continental Oil Co. v. Williams, 370 So.2d 953, 954 (Ala.1979). The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. Ex parte Little, 837 So.2d 822, 824 (Ala.2002). Further, a petition for a writ of mandamus is not a substitute for an appeal. State v. Van Reed, 673 So.2d 857, 858 (Ala.Crim.App.1996); and Ex parte City of Tuscaloosa, 636 So.2d 692, 694 (Ala.Crim.App.1993).
“Therefore, in the case now before us, the filing of the petition for a writ of mandamus neither transferred- the retained subject-matter jurisdiction of the trial court to the appellate court, nor tolled the expiration of the thirty days of retained jurisdiction of the trial court, nor conferred appellate jurisdiction (as distinguished from supervisory jurisdiction over the trial judge) on the Court of *198 Criminal Appeals. Thus, after the thirty days of retained jurisdiction in the trial court expired, and after any applicable period for appeal, if any, expired, the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of dismissal, and the appellate courts lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated.”
892 So.2d at 870-71 (footnotes omitted).
In this case, the trial court’s entry on April 3, 2009, of a judgment of an acquittal for Neel constituted a final judgment. The trial court had jurisdiction to enter the judgment. Therefore, the entry of the judgment of acquittal for Neel was lawful and within the jurisdiction of the trial court.[2] When the State filed its petition for a writ of mandamus, it did not ask the trial court or the Court of Criminal Appeals to stay the proceedings. Nothing before us indicates that the case was stayed in the trial court.[3] Because the case was not stayed, the trial court at the expiration of the 30 days from the entry of the judgment of acquittal for Neel lost subject-matter jurisdiction of Neel’s case, and the Court of Criminal Appeals lost all possibility of acquiring appellate jurisdiction to remand the case for the trial court’s judgment to be vacated.
“ ‘ “The writ of mandamus is a drastic and extraordinary writ, to be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala.1995).” Ex parte Carter, [807 So.2d 534,] 536 [(Ala.2001) ].’
“Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001).”
Ex parte Chandler, 910 So.2d 763, 764 (Ala.2005). Moreover, “[t]he question of subject-matter jurisdiction is renewable by a petition for a writ of mandamus.” Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).
Because the Court of Criminal Appeals did not have subject-matter jurisdiction to order Judge Denson to vacate his April 3, 2009, order entering a judgment of acquittal for Neel, Judge Denson has established a clear legal right for the relief he requests. Therefore, we grant Judge Den-son’s petition and direct the Court of Criminal Appeals to vacate its order directing Judge Denson to set aside his order vacating the jury’s verdict finding Neel guilty of murder.
Our resolution of Judge Denson’s petition renders moot the claims raised in Neel’s petition. Therefore, Neel’s petition is dismissed.
*199 1090952 — PETITION GRANTED; WRIT ISSUED.
1090961 — PETITION DISMISSED.
COBB, C.J., and LYONS, MURDOCK, and BOLIN, JJ., concur.
STUART, J., concurs specially.

. The Court of Criminal Appeals provides a thorough recitation of the evidence in State v. Neel, supra.

. Because the trial court had subject-matter jurisdiction at the time it entered the judgment of acquittal for Neel, this case is distinguishable from cases such as Ex parte Chamblee, 899 So.2d 244 (Ala.2004), and Ex parte Jackson Hospital & Clinic, Inc., 49 So.3d 1210 (Ala.2010). In Ex parte Chamblee and Ex parte Jackson Hospital & Clinic, the parties were not required to move for a stay of the trial court proceedings because at the time the petitions for a writ of mandamus were filed the trial court no longer had subject-matter jurisdiction of the cases.

. We cannot agree with the State that the actions of either the trial court or the Court of Criminal Appeals lend themselves to "any reasonable interpretation” that a stay was in effect. It is the responsibility of the parties, not the courts, to seek a stay of the case.