STUART, Justice
(concurring specially).
I regret that this Court is unable to reach the substantive issue in this case. However, we cannot overlook jurisdiction and the well-established precedent holding that a filing of a petition for a writ of mandamus does not stay the proceedings in the trial court. Ex parte St. John, 805 So.2d 684 (Ala.2001).
The State is precluded from appeal when the trial court grants a judgment of acquittal for a defendant and its only remedy is to seek mandamus relief. An argument exists that perhaps our rules of criminal procedure should consider this limitation on the State and, consequently, when appeal is not available, the State should not have to seek a stay of the proceedings in the trial court for the appellate courts to have jurisdiction to order the trial court to vacate its judgment. However, such a dramatic change in the law with regard to criminal procedure and mandamus relief should be addressed in our rules of procedure, not in the caselaw. Therefore, as I stated in my special concurrence in State v. Calhoun, 915 So.2d 569, 570 (Ala.2005), until the rules change,
“the proper procedure for the State to follow is to timely request a motion to stay the proceedings in the trial court and to timely file a petition for a writ of mandamus in the Court of Criminal Appeals. If the trial court denies the motion to stay the proceeding, then the State must file a motion to stay with its petition for the writ of mandamus in the Court of Criminal Appeals. If the Court of Criminal Appeals denies the stay, the State must file a petition for a writ of mandamus with this Court requesting that this Court order the Court of Criminal Appeals to order the trial court to stay the proceedings until resolution of the petition for the writ of mandamus.”