# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-3077
Lower Tribunal No. 12-17187
_____

**MetroPCS Communications, Inc., et al.,**
Appellants,

vs.

**Jorge Porter,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Carlton Fields Jorden Burt, Aaron S. Weiss and Steven M. Blickensderfer; Drinker Biddle & Reath LLP and Michael J. Stortz (San Francisco, California), for appellants.

Dorta Law, Gonzalo R. Dorta and Matias R. Dorta, for appellee.

Before ROTHENBERG, EMAS and LOGUE, JJ.

EMAS, J.

## On Motion to Enforce Mandate

In a prior appeal, MetroPCS Communications, Inc. ("MetroPCS") sought review of the trial court's order denying its motion to compel arbitration. We reversed the order and remanded this cause to the trial court. MetroPCS Commc'ns, Inc. v. Porter, 114 So. 3d 348 (Fla. 3d DCA 2013). In our opinion reversing and remanding, we provided express directions to the trial court:

> The order under review denying arbitration is reversed for a determination after an evidentiary hearing of the threshold issue of whether the arbitration clause was contained in a binding agreement between the parties.

Id. at 348. The mandate issued on May 31, 2013.

Upon remand, the parties were directed by the trial court to conduct appropriate discovery in preparation for the aforementioned evidentiary hearing on the threshold issue. Thereafter, Porter served a notice of taking deposition of MetroPCS' corporate representative. Attached to the notice was a schedule which listed twenty-one separate "Areas of Inquiry." In response, MetroPCS filed a motion for protective order, asserting that eleven of these "Areas of Inquiry" impermissibly exceeded the limited scope of the single-issue evidentiary hearing on the threshold issue and that such discovery, if permitted, would violate this court's mandate. MetroPCS sought to prohibit Porter from making inquiry into

2

Areas numbered Eight, Nine, Ten, Eleven, Twelve, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen and Twenty.

At the hearing on the motion for protective order, MetroPCS argued the court was required by this court's mandate to limit discovery to those areas bearing on the threshold issue of whether there was a binding arbitration agreement between the parties. The trial court denied the motion, indicating "if there is a case filed, [Porter's counsel] or [MetroPCS's counsel] or anybody else can ask anything you want during a deposition relating to the case that is filed."

The trial court's order denying the motion for protective order was contrary to the mandate of this court. An appellate court has the inherent authority to enforce its own mandate. Posner v. Posner, 257 So. 2d 530 (Fla. 1972); Wolf v. Horton, 322 So. 2d 71 (Fla. 3d DCA 1975). When an appellate court issues its mandate, compliance by the lower tribunal is a purely ministerial act, and the lower tribunal is without authority to modify or evade that mandate. Brunner Enterps., Inc. v. Dep't of Revenue, 452 So. 2d 550 (Fla. 1984); Hollander v. K-Site 400 Assocs., 657 So. 2d 16 (Fla. 3d DCA 1995); Milton v. Keith, 503 So. 2d 1312 (Fla. 3d DCA 1987).

Our opinion directed the trial court to conduct an evidentiary hearing which was expressly limited in scope to the threshold issue of whether the arbitration clause was contained in a binding agreement between the parties. This necessarily

3

limited the scope of any discovery to be conducted in preparation for the evidentiary hearing. To permit a party under these circumstances to conduct full discovery before the threshold issue is determined by the trial court would be contrary to the mandate of this court and would undermine one of the central underlying purposes of arbitration. See Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So. 2d 127, 128-29 (Fla. 4th DCA 1982) (observing that the "[s]peedy resolution of disputes is the raison d'être of arbitration. Once parties agree to arbitrate, it is essential that they have an easy and quick means enforce their agreement to arbitrate.")

We need not belabor the point by restating each of the eleven Areas of Inquiry to which MetroPCS objected. Suffice it to say that the motion for protective order should have been granted as to "Areas of Inquiry" numbered Eight, Nine, Ten, Eleven, Twelve, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen and Twenty.[1]

The order denying the motion for protection order is quashed. We remand this cause to the trial court, as before, with directions to conduct a limited

---

[1] In his response to the motion to enforce mandate, Porter contends only that discovery should be permitted into Areas of Inquiry numbered Eight, Nine and Ten. Porter's response wholly failed to address Areas of Inquiry numbered Eleven, Twelve, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen and Twenty, apparently abandoning any contention that these Areas of Inquiry were within the proper scope of the limited discovery to be conducted in advance of the evidentiary hearing directed by our mandate.

evidentiary hearing on the threshold issue of whether the arbitration clause was contained in a binding agreement between the parties. Any further discovery to be conducted for purposes of that evidentiary hearing shall be limited to this threshold issue. This opinion shall take effect immediately, notwithstanding the filing or disposition of any motion for rehearing.

Order quashed. Cause remanded with directions.