Rel: June 28, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-2023-0660

_____

## Ex parte State of Alabama

## PETITION FOR WRIT OF MANDAMUS

## (In re: State of Alabama v. Tramaine Bonner)

## Mobile Circuit Court
## (CC-16-6155 and CC-16-6156)

PER CURIAM.

The State of Alabama ("the State") has petitioned this Court for a writ of mandamus directing Judge Michael Youngpeter to comply with an order of this Court that instructed him to set aside a judgment of acquittal he issued in the State's prosecution of Tramaine Bonner.

Facts and Procedural History

In December 2019, a jury convicted Bonner of two counts of first-degree robbery.  See § 13A-8-41, Ala. Code 1975.  On May 3, 2022, before the sentencing hearing occurred, Bonner filed a motion for a judgment of acquittal notwithstanding the verdict, see Rule 20.3, Ala. R. Crim. P., in which he argued that the State's evidence was not sufficient to sustain his first-degree-robbery convictions.[1]  Bonner conceded, though, that the State's evidence was sufficient to sustain convictions for two counts of third-degree robbery.  See § 13A-8-43, Ala. Code 1975.

Judge Youngpeter held the sentencing hearing on March 1, 2023, and, before pronouncing the sentences, orally granted Bonner's motion for a judgment of acquittal on the two first-degree-robbery charges and adjudicated him guilty of two counts of third-degree robbery.  In support of that ruling, Judge Youngpeter found that the State's evidence was not sufficient to sustain Bonner's convictions for first-degree robbery and

---

[1]It is not clear from the materials provided to this Court why the sentencing hearing had not yet occurred in May 2022, more than two years after Bonner was convicted.  However, the State contends that the delay was "largely because of the COVID-19 pandemic and due to Bonner not being transported to Mobile County from the custody of the Department of Corrections."  (Petition, p. 2.)

that there was a material variance between the State's evidence and the indictments. Judge Youngpeter also noted that, given Bonner's prior felony convictions, the mandatory sentences for his first-degree-robbery convictions would be life imprisonment without the possibility of parole and that those sentences would "not fit the crime committed here." (Petition, Exhibit 12, p. 2.) Based on Bonner's prior felony convictions, Judge Youngpeter sentenced him to concurrent sentences of life imprisonment for his third-degree-robbery convictions.

On March 7, 2023, the State petitioned this Court for a writ of mandamus, asking this Court to order Judge Youngpeter to set aside the judgment of acquittal and to reinstate Bonner's first-degree-robbery convictions. After reviewing the materials provided by the State, this Court concluded that the State's evidence was sufficient to sustain Bonner's convictions for first-degree robbery and that there was no material variance between the State's evidence and the indictments. Thus, on March 30, 2023, this Court granted the State's petition and issued an order directing Judge Youngpeter to set aside the judgment of acquittal "no later than 5:00 p.m. on Friday, March 31, 2023, and to pronounce sentence upon Bonner for his convictions of first-degree

3

robbery." (Petition, Exhibit 13, p. 6.) However, Judge Youngpeter did not comply with this Court's order, despite the fact that he "learned of [the order]" "[a]t some point on Friday, March 31, 2023."[2] (Petition, Exhibit 20, p. 2.) Approximately four hours after the 5:00 p.m. deadline, Bonner filed a petition for a writ of mandamus in the Alabama Supreme Court, in which he sought review of this Court's order. That Court denied Bonner's petition on July 10, 2023.

On July 17, 2023, the State filed a motion asking Judge Youngpeter to schedule a hearing "so that [he] may set aside [his] order granting judgment of acquittal … and … pronounce sentence upon [Bonner] for his convictions of first-degree robbery." (Petition, Exhibit 16, p. 2.) Judge Youngpeter granted that motion and scheduled a hearing, but, when the parties appeared for the hearing, Bonner argued that Judge Youngpeter no longer had jurisdiction to set aside the judgment of acquittal because more than 30 days had passed since the date of the final judgment. Thus,

---

[2]It is not clear exactly when Judge Youngpeter became aware of this Court's order. The clerk of this Court telephoned Judge Youngpeter several times before the 5:00 p.m. deadline and left voicemails, but those voicemails were not returned. The clerk also e-mailed Judge Youngpeter and explained that he needed to comply with this Court's order, but Judge Youngpeter did not respond to that e-mail.

4

Judge Youngpeter suspended the hearing for one week to allow the parties to file briefs regarding the jurisdictional issue, and, on August 30, 2023, he heard oral arguments from the parties.

On September 5, 2023, Judge Youngpeter issued an order in which he concluded that he no longer had jurisdiction to set aside the judgment of acquittal. Judge Youngpeter also explained that the reason he had not complied with this Court's order was because he believed that Bonner's mandamus petition in the Alabama Supreme Court "obviated [this Court's] mandate." (Petition, Exhibit 20, p. 2.) The State has once again petitioned this Court for a writ of mandamus, arguing that this Court's March 30, 2023, order is a valid order that Judge Youngpeter is required to follow.

Standard of Review

The standard of review this Court uses when reviewing a petition for a writ of mandamus is well settled:

> "A writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)."

Harris v. Owens, 105 So. 3d 430, 433 (Ala. 2012) (citations omitted).

Discussion

In concluding that he did not have jurisdiction to comply with this Court's March 30, 2023, order, Judge Youngpeter relied on the Alabama Supreme Court's decision in Ex parte Denson, 57 So. 3d 195 (Ala. 2010).

In Denson, Judge John V. Denson II granted Mary Maxine Neel's postjudgment motion for a judgment of acquittal after a jury found her guilty of murder. The State petitioned this Court for a writ of mandamus, asking the Court to order Judge Denson to vacate the judgment of acquittal. Almost one year later, this Court granted the State's petition. Judge Denson then petitioned the Alabama Supreme Court for a writ of mandamus, arguing that the trial court no longer had jurisdiction to vacate the judgment of acquittal and that this Court had not had jurisdiction to order him to do so. The Alabama Supreme Court agreed and stated the following in support of its decision:

> "This Court addressed a similar situation in State v. Webber, 892 So. 2d 869 (Ala. 2004), in which we held that a claim was moot because no court had jurisdiction to act. Webber, who had been indicted for property crimes, agreed to participate in the trial court's drug-court program and pleaded guilty to the offenses. The trial court deferred adjudications and sentencing until after Webber completed the drug-court program and complied with other conditions.

6

When Webber successfully completed the program and had satisfied the other conditions, the trial court, over the objections of the district attorney, dismissed the cases against Webber with prejudice. The district attorney then petitioned the Alabama Court of Criminal Appeals for a writ of mandamus, asking that court to direct the trial court to vacate its order dismissing the cases against Webber, to adjudicate him guilty, and to sentence him. The Court of Criminal Appeals dismissed the petition, with an unpublished memorandum. State v. Webber (No. CR–02–1386), 886 So. 2d 187 (Ala. Crim. App. 2003) (table). The State then petitioned this Court for the same relief. We, too, dismissed the petition, stating:

> "'Because the trial court now lacks jurisdiction to vacate the judgment of dismissal, and the appellate courts of the state now lack jurisdiction to order the judgment vacated, we cannot reach the merits of the claim of the State, as the claim is moot, and accordingly we must dismiss the petition for a writ of mandamus directing that the dismissal of the case be vacated, the charges adjudicated, and the defendant sentenced. Parkerson v. Seventeenth Judicial Circuit Court, Sumter County, 277 Ala. 345, 170 So. 2d 491 (1965). See State ex rel. City of Prichard v. Jansen, 271 Ala. 104, 122 So. 2d 736 (1960). We will explain.

> "'The April 24, 2003 dismissal of the case constituted a final judgment, as distinguished from an interlocutory judgment or order. Ex parte Sullivan, 779 So. 2d 1157, 1160 (Ala. 2000). See also Fong Foo v. United States, 369 U.S. 141, 82 S. Ct. 671, 7 L. Ed. 2d 629 (1962). The trial court lost subject-matter jurisdiction of the cases at the expiration of thirty days following entry of the final judgments. Ex parte Hitt, 778 So. 2d 159

7

(Ala. 2000); Massey v. State, 587 So. 2d 448 (Ala. Crim. App. 1991); and Shepard v. State, 347 So. 2d 1017 (Ala. Crim. App. 1977). See Rule 24, Ala. R. Crim. P.

"'No party filed an appeal. Because no party filed a timely appeal, no appellate court ever acquired any appellate jurisdiction over the cases. Spina v. Causey, 403 So. 2d 199 (Ala. 1981); Lewis v. State, 463 So. 2d 154 (Ala. 1985); Woods v. State, 371 So. 2d 944, 945 (Ala. 1979); and Turner v. State, 365 So. 2d 335, 336 (Ala. Crim. App. 1978).

"'Within seven days after the trial court entered the final judgments, during the thirty days when the trial court did retain subject-matter jurisdiction, the State petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge to vacate the dismissal, to adjudicate the charges, and to sentence the defendant. The State did not, however, obtain, from either the trial court or any appellate court, any stay of the final judgment.

"'The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. See Ex parte St. John, 805 So. 2d 684 (Ala. 2001); State ex rel. S.N. v. W.Y., 622 So. 2d 378, 381 (Ala. Civ. App. 1993); and Continental Oil Co. v. Williams, 370 So. 2d 953, 954 (Ala. 1979). The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two

8

ways about it. Ex parte Little, 837 So. 2d 822, 824 (Ala. 2002). Further, a petition for a writ of mandamus is not a substitute for an appeal. State v. Van Reed, 673 So. 2d 857, 858 (Ala. Crim. App. 1996); and Ex parte City of Tuscaloosa, 636 So. 2d 692, 694 (Ala. Crim. App. 1993).

"'Therefore, in the case now before us, the filing of the petition for a writ of mandamus neither transferred the retained subject-matter jurisdiction of the trial court to the appellate court, nor tolled the expiration of the thirty days of retained jurisdiction of the trial court, nor conferred appellate jurisdiction (as distinguished from supervisory jurisdiction over the trial judge) on the Court of Criminal Appeals. Thus, after the thirty days of retained jurisdiction in the trial court expired, and after any applicable period for appeal, if any, expired, the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of dismissal, and the appellate courts lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated.'

"892 So. 2d at 870-71 (footnotes omitted).

"In this case, the trial court's entry on April 3, 2009, of a judgment of an acquittal for Neel constituted a final judgment. The trial court had jurisdiction to enter the judgment. Therefore, the entry of the judgment of acquittal for Neel was lawful and within the jurisdiction of the trial court. When the State filed its petition for a writ of mandamus, it did not ask the trial court or the Court of Criminal Appeals to stay the proceedings. Nothing before us indicates that the case was stayed in the trial court. Because the case was not stayed, the trial court at the expiration of the 30 days from the entry of the judgment of acquittal for Neel

9

lost subject-matter jurisdiction of Neel's case, and the Court of Criminal Appeals lost all possibility of acquiring appellate jurisdiction to remand the case for the trial court's judgment to be vacated.

"'"'….'

"'….'

"….

"Because the Court of Criminal Appeals did not have subject-matter jurisdiction to order Judge Denson to vacate his April 3, 2009, order entering a judgment of acquittal for Neel, Judge Denson has established a clear legal right for the relief he requests. Therefore, we grant Judge Denson's petition and direct the Court of Criminal Appeals to vacate its order directing Judge Denson to set aside his order vacating the jury's verdict finding Neel guilty of murder."

Denson, 57 So. 3d at 196-98 (footnotes omitted).

In this case, on March 1, 2023, Judge Youngpeter orally granted Bonner a judgment of acquittal on his two first-degree-robbery charges, adjudicated him guilty of two counts of third-degree robbery, and sentenced him for those convictions. In other words, the trial court issued a final judgment on that date, and, because the State never requested a stay of the trial-court proceedings, the court's jurisdiction over Bonner's case expired 30 days later on March 31, 2023. Thus, Judge Youngpeter correctly concluded that, by the time the parties appeared for the July

10

2023 hearing, he no longer had jurisdiction to set aside the judgment of acquittal. In that respect, Denson is indistinguishable from this case.

However, Denson is distinguishable in another respect. In that case, this Court had no jurisdiction to order Judge Denson to set aside the judgment of acquittal he had issued because, at the time this Court issued its order, the trial court's jurisdiction over Neel's case had expired. Thus, this Court had "lost all possibility of acquiring appellate jurisdiction to remand the case for the trial court's judgment to be vacated." Denson, 57 So. 3d at 198. See also State v. Cantrell, 295 So. 3d 140, 143 (Ala. Crim. App. 2019) (holding that, "[b]ecause the circuit court no longer has jurisdiction over Cantrell's case, this Court has 'lost all possibility of acquiring appellate jurisdiction to remand the case for the trial court's judgment to be vacated'" (quoting Ex parte Denson, 57 So. 3d at 198) (emphasis added)).

In this case, though, this Court issued an order on March 30, 2023, directing Judge Youngpeter to set aside the judgment of acquittal, which means that this Court's order was issued while the trial court still had jurisdiction over Bonner's case. Thus, unlike Denson, this Court's March 30, 2023, order was a valid order that Judge Youngpeter was required to

11

follow. That fact also distinguishes <u>State v Webber</u>, 892 So. 2d 869 (Ala. 2004), on which the dissent relies, because there was no order from an appellate court in that case, much less one issued while the trial court retained its jurisdiction. The dispositive question in this petition, then, is whether this Court has the power to enforce its prior valid order, despite the fact that the trial court's jurisdiction over Bonner's case has expired. As to that issue, <u>Denson</u> and <u>Webber</u> have nothing to say.

Section 12-3-11, Ala. Code 1975, provides this Court with "authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it." That statute gives this Court the authority to issue a writ of mandamus directed to a lower court when that court has refused or failed to comply with this Court's valid mandate. Moreover, even apart from that statutory authority, "[a]n appellate court has the inherent authority to enforce its own mandate," <u>MetroPCS Comm., Inc. v. Porter</u>, 225 So. 3d 843, 845 (Fla. Dist. Ct. App. 2016), and, "[i]f the trial court fails or refuses to comply with the appellate court's mandate, the latter may … take any steps or issue any appropriate writ necessary to give effect to its judgment."

Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So. 2d 825, 827 (Fla. 1975). See also Interest of A.H.S., 676 S.W.3d 355, 359 (Tex. Ct. App. 2023) (noting "the inherent authority of trial courts and appellate courts to enforce their judgments"); and State v. Downey, 29 Kan. App. 2d 467, 470, 27 P.3d 939, 942 (2001) (noting an appellate court's "inherent authority to assert continuing jurisdiction to enforce its mandate").

Thus, this Court has both statutory and inherent authority to enforce its March 30, 2023, order, which, as we have explained, was a valid order issued in response to the State's first mandamus petition. And we can enforce that order by issuing a second writ of mandamus directing Judge Youngpeter to comply with the order. § 12-3-11. The fact that the trial court no longer has jurisdiction over Bonner's case is of no significance because that court's compliance with this Court's valid mandate is a purely ministerial act. See MetroPCS Comm., 225 So. 3d at 845 ("When an appellate court issues its mandate, compliance by the lower tribunal is a purely ministerial act, and the lower tribunal is without authority to modify or evade that mandate."); and R.J. Reynolds Tobacco Co. v. Townsend, 118 So. 3d 844, 846 (Fla. Dist. Ct. App. 2013)

13

(noting that the trial court's duty to follow the instructions of the appellate court was "a purely ministerial act" (citations omitted)). Cf. Ex parte Caremark Rx, LLC, 229 So. 3d 751, 757 (Ala. 2017) (noting that, even after a trial court's subject-matter jurisdiction expires, the court "continues to hold 'residual jurisdiction' … such that it can still take any steps that are necessary to enforce its judgment").

Because Judge Youngpeter did not comply with this Court's March 30, 2023, order, the State has demonstrated that it has a clear legal right to relief, i.e., the enforcement of that order. Thus, we grant the State's petition and direct Judge Youngpeter to comply with this Court's March 30, 2023, order by setting aside the judgment of acquittal he issued in Bonner's favor, reinstating Bonner's two first-degree-robbery convictions, and sentencing Bonner for those convictions.

Although we grant the State's petition in the present case, we find it necessary to emphasize one final point in order to hopefully provide guidance in future cases such as this. As noted, the State did not ask either Judge Youngpeter or this Court to stay the trial-court proceedings while it sought relief in its first mandamus petition, and the filing of that petition did not stay those proceedings. See Rule 21(f), Ala. R. App. P.

14

(providing that the filing of a petition for a writ of mandamus "shall not stay proceedings in the trial court unless the trial judge or an appellate court shall so order"). Thus, because the State did not seek a stay of the trial-court proceedings, the trial court's jurisdiction over Bonner's case expired on March 31, 2023. Denson, supra. Because this Court issued its order on March 30, 2023, the State was not harmed by its failure to seek a stay of the trial-court proceedings. However, had we not issued that order before the trial court's jurisdiction expired, Denson makes it clear that, once that court's jurisdiction expired, this Court would have been powerless to grant the relief the State sought in its first mandamus petition.

Thus, as Justice Stuart of the Alabama Supreme Court once aptly explained, the better practice in a case such as this would have been for the State to seek a stay of the trial-court proceedings from either Judge Youngpeter or an appellate court while it sought relief in its first mandamus petition:

> "In accordance with [State v.] Webber, [892 So. 2d 869 (Ala. 2004),] the proper procedure for the State to follow is to timely request a motion to stay the proceedings in the trial court and to timely file a petition for a writ of mandamus in the Court of Criminal Appeals. If the trial court denies the motion to stay the proceeding, then the State must file a

15

motion to stay with its petition for the writ of mandamus in the Court of Criminal Appeals. If the Court of Criminal Appeals denies the stay, the State must file a petition for a writ of mandamus with this Court requesting that this Court order the Court of Criminal Appeals to order the trial court to stay the proceedings until resolution of the petition for the writ of mandamus."

State v. Calhoun, 915 So. 2d 569, 570 (Ala. 2005) (Stuart, J., concurring specially in the denial of the State's mandamus petition). See also Denson, 57 So. 3d at 198 n.3 ("It is the responsibility of the parties, not the courts, to seek a stay of the case."). Although the State's failure to seek a stay of the trial-court proceedings was not fatal in this particular case, this case will hopefully serve as a cautionary tale regarding the importance of ensuring that trial-court proceedings are stayed when filing a mandamus petition if jurisdictional issues might come into play.

PETITION GRANTED; WRIT ISSUED.

Kellum, McCool, Cole, and Minor, JJ., concur. Windom, P.J., dissents, with opinion.

WINDOM, Presiding Judge, dissenting.

The majority grants the State's petition for a writ of mandamus and directs Judge Michael Youngpeter to comply with this Court's March 30, 2023, order by setting aside the judgment of acquittal he issued in Tramaine Bonner's favor, reinstating Bonner's two first-degree-robbery convictions, and sentencing Bonner for those convictions. Because I believe Judge Youngpeter no longer has jurisdiction over Bonner's case, I respectfully dissent.

I believe this case is controlled by State v. Webber, 892 So. 2d 869 (Ala. 2004). In that case, Clennan Hill Webber pleaded guilty to various offenses, but the trial court deferred adjudication and sentencing while Webber participated in a "drug-court" program. Webber, 892 So. 2d at 870. After Webber completed that program, the trial court "dismissed" the charges against him on April 24, 2003. Id. at 870. The State then filed a petition for a writ of mandamus in the Alabama Supreme Court (after unsuccessfully seeking mandamus relief in this Court), arguing that the trial court had no authority to dismiss the charges against Webber. The Alabama Supreme Court denied the State's petition on the following basis:

"Because the trial court now lacks jurisdiction to vacate the judgment of dismissal, and the appellate courts of the state now lack jurisdiction to order the judgment vacated, we cannot reach the merits of the claim of the State, as the claim is moot, and accordingly we must dismiss the petition for a writ of mandamus directing that the dismissal of the case be vacated, the charges adjudicated, and the defendant sentenced. Parkerson v. Seventeenth Judicial Circuit Court, Sumter County, 277 Ala. 345, 170 So. 2d 491 (1965). See State ex rel. City of Prichard v. Jansen, 271 Ala. 104, 122 So. 2d 736 (1960). We will explain.

"The April 24, 2003[,] dismissal of the case constituted a final judgment, as distinguished from an interlocutory judgment or order. Ex parte Sullivan, 779 So. 2d 1157, 1160 (Ala. 2000). See also Fong Foo v. United States, 369 U.S. 141, 82 S. Ct. 671, 7 L. Ed. 2d 629 (1962). The trial court lost subject-matter jurisdiction of the cases at the expiration of thirty days following entry of the final judgments. Ex parte Hitt, 778 So. 2d 159 (Ala. 2000); Massey v. State, 587 So. 2d 448 (Ala. Crim. App. 1991); and Shepard v. State, 347 So. 2d 1017 (Ala. Crim. App. 1977). See Rule 24, Ala. R. Crim. P.

"No party filed an appeal. Because no party filed a timely appeal, no appellate court ever acquired any appellate jurisdiction over the cases. Spina v. Causey, 403 So. 2d 199 (Ala. 1981); Lewis v. State, 463 So. 2d 154 (Ala. 1985); Woods v. State, 371 So. 2d 944, 945 (Ala. 1979); and Turner v. State, 365 So. 2d 335, 336 (Ala. Crim. App. 1978).

"Within seven days after the trial court entered the final judgments, during the thirty days when the trial court did retain subject-matter jurisdiction, the State petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge to vacate the dismissal, to adjudicate the charges, and to sentence the defendant. The State did not, however, obtain, from either the trial court or any appellate court, any stay of the final judgment.

"The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. See Ex parte St. John, 805 So. 2d 684 (Ala. 2001); State ex rel. S.N. v. W.Y., 622 So. 2d 378, 381 (Ala. Civ. App. 1993); and Continental Oil Co. v. Williams, 370 So. 2d 953, 954 (Ala. 1979). The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. Ex parte Little, 837 So. 2d 822, 824 (Ala. 2002). Further, a petition for a writ of mandamus is not a substitute for an appeal. State v. Van Reed, 673 So. 2d 857, 858 (Ala. Crim. App. 1996); and Ex parte City of Tuscaloosa, 636 So. 2d 692, 694 (Ala. Crim. App. 1993).

"Therefore, in the case now before us, the filing of the petition for a writ of mandamus neither transferred the retained subject-matter jurisdiction of the trial court to the appellate court, nor tolled the expiration of the thirty days of retained jurisdiction of the trial court, nor conferred appellate jurisdiction (as distinguished from supervisory jurisdiction over the trial judge) on the Court of Criminal Appeals. Thus, after the thirty days of retained jurisdiction in the trial court expired, and after any applicable period for appeal, if any, expired, the trial court lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of dismissal, and the appellate courts lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated."

Webber, 892 So. 2d at 870-71 (emphasis added; footnotes omitted). See

Ex parte Denson, 57 So. 3d 195 (Ala. 2010).

19

In this case, on March 1, 2023, Judge Youngpeter orally granted Bonner a judgment of acquittal on the two first-degree-robbery charges, adjudicated him guilty of two counts of third-degree robbery, and sentenced him for those convictions. Thus, Judge Youngpeter issued a final judgment on that date, and he retained jurisdiction to modify that judgment for only 30 days, unless he or an appellate court issued a stay of the trial-court proceedings. However, nothing in the materials provided to this Court indicate that the State asked Judge Youngpeter to stay the proceedings while it sought mandamus relief, and nothing in the materials before this Court indicate, nor does the State contend, that he issued a stay. The State also did not ask this Court to stay the trial-court proceedings when it filed its first petition for a writ of mandamus, and, as the Webber Court explained, the mere filing of that petition did not operate to stay the proceedings – a fact the State concedes. See also Rule 21(f), Ala. R. App. P. (providing that the filing of a petition for a writ of mandamus "shall not stay proceedings in the trial court unless the trial judge or an appellate court shall so order"). Also, Bonner did not appeal the final judgment, so this Court never acquired appellate jurisdiction over his case.

It is true that this case is in a different procedural posture than Webber in that, here, this Court has already issued an order, in response to the State's first petition for a writ of mandamus, in which this Court directed Judge Youngpeter to reinstate Bonner's first-degree-robbery convictions. Further, this Court's order was issued on March 30, 2023, which was within the 30-day period that Judge Youngpeter retained jurisdiction to amend his final judgment. The majority uses this fact to untether this case from Alabama Supreme Court precedent, holding that, despite the expiration of the trial court's retained jurisdiction, this Court can enforce its previously issued order because it was timely entered. The majority reasons that § 12-3-11, Ala. Code 1975, provides this Court with the "authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it." Yet, the holding of Webber makes clear that because 30 days have lapsed since Judge Youngpeter granted Bonner's motion for judgment of acquittal, there is no longer any inferior jurisdiction in this case over which this Court can exercise a general superintendence. Further, I do not believe this Court's inherent authority to enforce its orders allows it

21

to order a lower court to act when the lower court lacks the jurisdiction to do so.

In short, because the trial-court proceedings were not stayed in this case, the trial court retained jurisdiction to set aside or modify the judgment of acquittal for only 30 days, which Judge Youngpeter did not do. After the expiration of that 30 days, the trial court "lost all jurisdiction and all possibility of reacquiring jurisdiction to vacate the judgment of [acquittal], and the appellate courts [have now] lost all possibility of acquiring appellate jurisdiction to remand the case for the judgment to be vacated." Webber, 892 So. 2d at 871.

This Court issued a timely and valid order that was not followed. Nonetheless, I feel constrained to believe the State's petition for a writ of mandamus must be dismissed as moot, as it was in Webber for the same reason. See also State v. Cantrell, 295 So. 3d 140, 143 (Ala. Crim. App. 2019) ("[I]n the absence of a stay, a trial court loses jurisdiction to modify or vacate its order after 30 days, and the issue before the appellate court becomes moot."); and Ex parte Denson, 57 So. 3d 195, 198 (Ala. 2010) ("Because the case was not stayed, the trial court at the expiration of the 30 days from the entry of the judgment of acquittal for Neel lost subject-

matter jurisdiction of Neel's case, and the Court of Criminal Appeals lost all possibility of acquiring appellate jurisdiction to remand the case for the trial court's judgment to be vacated."). Therefore, I respectfully dissent.