Rel: May 2, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0443
_____

**Ex parte Tramaine Bonner**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Ex parte State of Alabama**

**(In re:  State of Alabama**

**v.**

**Tramaine Bonner))**

**(Mobile Circuit Court: CC-16-6155 and CC-16-6156;
Court of Criminal Appeals: CR-2023-0660)**

SELLERS, Justice.[1]

Tramaine Bonner petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate it June 28, 2024, writ of mandamus ("the 2024 writ") directing Judge Michael Youngpeter to comply with a writ of mandamus previously issued by that court on March 30, 2023 ("the 2023 writ"). We deny the petition.

<u>Facts and Procedural History</u>

In December 2019, a jury convicted Bonner of two counts of first-degree robbery. <u>See</u> § 13A-8-41, Ala. Code 1975. Before he was sentenced, Bonner filed a motion for a judgment of acquittal, arguing that the State's evidence was insufficient to sustain his convictions for first-degree robbery. <u>See</u> Rule 20.3, Ala. R. Crim. P. Bonner conceded in his motion, however, that the State's evidence was sufficient to sustain convictions for two counts of third-degree robbery. <u>See</u> § 13A-8-43, Ala. Code 1975.

On March 1, 2023, the Mobile Circuit Court granted Bonner's motion for a judgment of acquittal and adjudicated him guilty of two counts of third-degree robbery. Based on Bonner's prior felony

---

[1]This case was originally assigned to another Justice on this Court; it was reassigned to Justice Sellers on March 26, 2025.

convictions, the circuit court sentenced him to concurrent sentences of life imprisonment. On March 7, 2023, the State petitioned the Court of Criminal Appeals for writ of mandamus directing Judge Youngpeter, the circuit-court judge in this case, to set aside the judgment of acquittal and to reinstate Bonner's first-degree-robbery convictions. The State did not seek a stay of the proceedings in the circuit court while it sought mandamus relief. See Rule 21(f), Ala. R. App. P. (providing that the filing of a petition for a writ of mandamus "shall not stay the proceedings in the trial court unless the trial judge or an appellate court shall so order"). Thus, the circuit court's jurisdiction over Bonner's case was set to expire on March 31, 2023.

On March 30, 2023, the Court of Criminal Appeals granted the State's petition and issued the 2023 writ directing Judge Youngpeter to set aside the judgment of acquittal no later than 5:00 p.m. on March 31, 2023, and to pronounce sentence upon Bonner for his first-degree-robbery convictions. At some point on March 31, Judge Youngpeter learned of the 2023 writ; however, for reasons not relevant here, he did not comply with the writ.

3

In July 2023, the State filed a motion requesting that Judge Youngpeter schedule a hearing to set aside the judgment of acquittal as instructed by the 2023 writ. Following briefing and oral argument from both parties on the matter, Judge Youngpeter issued an order concluding that the circuit court's jurisdiction over Bonner's case had expired and that he was therefore unable comply with the 2023 writ directing him to set aside the judgment of acquittal. In September 2023, the State filed a second petition for a writ of mandamus in the Court of Criminal Appeals, arguing that the 2023 writ was a valid order that Judge Youngpeter was required to follow.

On June 28, 2024, the Court of Criminal Appeals issued an opinion, concluding that the State had demonstrated a clear legal right to the relief sought, specifically the enforcement of the 2023 writ. See State v. Bonner, [Ms. CR-2023-0660, June 28, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024). Thus, the Court of Criminal Appeals issued the 2024 writ directing Judge Youngpeter to comply with the 2023 writ by setting aside the judgment of acquittal, reinstating Bonner's two first-degree-robbery convictions, and sentencing him for those convictions. This mandamus petition followed.

Standard of Review

"A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: "'(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."' Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001))."

Ex parte Alabama Dep't of Corr., 252 So. 3d 635, 636 (Ala. 2017).

Discussion

Bonner seeks a writ of mandamus directing the Court of Criminal Appeals to vacate the 2024 writ directing Judge Youngpeter to comply with the 2023 writ. Bonner asserts that he is entitled to have the 2024 writ vacated because, he says, the circuit court no longer has jurisdiction to comply with the 2023 writ. Bonner relies on State v. Webber, 886 So. 2d 869 (Ala. 2004), and Ex parte Denson, 57 So. 3d 195 (Ala. 2010). However, we find that the Court of Criminal Appeals properly distinguished those cases. In Webber, this Court dismissed as moot the State's petition seeking a writ of mandamus directing a trial judge to vacate an order dismissing a case against the defendant because, at the time the State filed its petition, the trial court's jurisdiction to vacate the order had expired. Likewise, in Denson, this Court held that the Court

5

of Criminal Appeals had lacked jurisdiction to issue a writ of mandamus directing a trial judge to set aside a judgment of acquittal because, <u>at the time the Court of Criminal Appeals had issued the writ</u>, the trial court's jurisdiction over the defendant's case had expired. Here, Judge Youngpeter granted Bonner's motion for a judgment of acquittal on March 1, 2023. On March 30, 2023, one day before the circuit court's jurisdiction over Bonner's case was to expire, the Court of Criminal Appeals issued the 2023 writ directing Judge Youngpeter to set aside the judgment of acquittal no later than 5:00 p.m. on March 31, 2023. Judge Youngpeter, however, did not comply with the 2023 writ. So, unlike the procedural posture in <u>Denson</u> and <u>Webber</u>, in which the actions of the State and the Court of Criminal Appeals, respectively, occurred <u>after</u> the trial court had lost jurisdiction over the defendant's case, the 2023 writ in this case was issued <u>before</u> the circuit court's jurisdiction had expired. Thus, because the circuit court still had jurisdiction over Bonner's case when the Court of Criminal Appeals issued the 2023 writ, the Court of Criminal Appeals had the authority to issue the 2024 writ directing Judge Youngpeter to comply with its previous mandate. As the Court of Criminal Appeals correctly observed, that court had both statutory and

6

inherent authority to enforce its 2023 writ. See § 12-3-11, Ala. Code 1975 (providing, in relevant part, that appellate courts "shall have authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it"). See also, e.g., Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So. 2d 825, 827 (Fla. 1975) (noting that "[i]f the trial court fails or refuses to comply with the appellate court's mandate, the latter may, generally speaking, take any steps or issue any appropriate writ necessary to give effect to its judgment"). Thus, to the extent that a trial court has jurisdiction to comply with an order issued by an appellate court but fails to do so, the appellate court may issue any appropriate writ necessary to enforce its order. Accordingly, Bonner has failed to demonstrate a clear legal right to a writ of mandamus directing the Court of Criminal Appeals to vacate the 2024 writ.

PETITION DENIED.

Wise, Mendheim, Mitchell, and Cook, JJ., concur.

Shaw, J., concurs in the result, with opinion, which Stewart, C.J., joins.

7

Bryan, J., concurs in the result.

McCool, J., recuses himself.

SHAW, Justice (concurring in the result).

I concur in the result. I write specially to note the following. In <u>Ex parte Denson</u>, 57 So. 3d 195, 198 (Ala. 2010), this Court suggested that if a stay is entered by an appellate court while a mandamus petition is pending, then a trial court would not lose jurisdiction over the case at the subsequent expiration of 30 days from the entry of a final judgment. If an appellate court has the power to suspend that time merely by entering a stay, then a writ of mandamus, which the Constitution and the Alabama Code provide the Court of Criminal Appeals the power to issue, see Ala. Const. 2022, § 141(d), and § 12-3-11, Ala. Code 1975, will inherently suspend that time to ensure compliance with its mandate. In this case, the writ of mandamus issued by the Court of Criminal Appeals on March 30, 2023, before the Mobile Circuit Court ordinarily would have lost jurisdiction, has suspended that time to allow the circuit court to act in accordance with the writ.

Stewart, C.J., concurs.